## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| SUMMIT 6 LLC, §<br><br>Plaintiff, §<br><br>v. §<br><br>RESEARCH IN MOTION CORP.,<br>RESEARCH IN MOTION LIMITED,<br>SAMSUNG ELECTRONICS CO. LTD.,<br>SAMSUNG TELECOMMUNICATIONS<br>AMERICA LLC, MULTIPLY, INC.,<br>FACEBOOK, INC., and<br>PHOTOBUCKET CORP.,<br><br>Defendants. | CIVIL ACTION NO. _____<br><br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Summit 6 LLC ("Summit 6") files this Original Complaint for Patent Infringement against Defendants Research in Motion Corporation, Research in Motion Limited, Samsung Electronics Co. Ltd., Samsung Telecommunications America LLC, Multiply, Inc., Facebook, Inc., and Photobucket Corporation, (collectively, "Defendants"), and allege as follows:

## PARTIES

1. Plaintiff Summit 6 is a Delaware corporation with its principal place of business at 14850 Quorum Drive, Suite 325, Dallas, Texas 75254.

2. Defendant Research in Motion Limited ("RIM Canada") is a Canadian corporation, with its principal place of business at 295 Phillip Street, Waterloo, Ontario, N2L 3W8 Canada.

3. Defendant RIM Canada is designing, marketing, making, using, selling, importing, and/or offering for sale services, smartphones, and/or tablets (including, but not limited to, the

Torch, Style, Tour, Curve, Pearl, Pearl Flip, Bold, Storm, Storm II, and Playbook series models) that obtain digital content, and upload the digital content to a remote server or transmit the digital content to a remote device via multimedia messages ("MMS messages") or e-mail (hereinafter "RIM upload services and/or devices").

4.  Defendant RIM Canada is doing business in the United States and, more particularly, in the Northern District of Texas by designing, marketing, making, using, selling, importing, and/or offering for sale RIM upload services and/or devices that infringe the patent claims involved in this action or by transacting other business in this District.

5.  Defendant Research in Motion Corporation ("RIM Irving") is a Delaware corporation, with its principal place of business at 122 W. John Carpenter Freeway, Suite 430, Irving, Texas 75039.  On information and belief, RIM Irving is a wholly-owned subsidiary of RIM Ltd. and serves as a representative of RIM Canada for purposes of conducting business in the United States.  (When not identified separately, RIM Canada and RIM Irving are collectively referred to herein as "RIM".)

6.  Defendant RIM Irving is designing, marketing, making, using, selling, importing, and/or offering for sale RIM upload services and/or devices.

7.  Defendant RIM Irving is doing business in the United States and, more particularly, in the Northern District of Texas by designing, marketing, making, using, selling, importing, and/or offering for sale RIM upload services and/or devices that infringe the patent claims involved in this action or by transacting other business in this District.  RIM Irving may be served with process by serving its registered agent, The CT Corp. System, at 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

8.  Defendant Samsung Electronics Co. Ltd. ("Samsung Korea") is a Korean corporation, with a principal place of business at 250, Taepyeongo 2-ga, Jung-gu, Seoul 100-742, South Korea.

9. Defendant Samsung Korea is designing, marketing, making, using, selling, importing, and/or offering for sale services, smartphones, and/or tablets (including, but not limited to, the Captivate, Continuum, Vibrant, Epic, Mesmerize, Showcase, Fascinate, Nexus S, Gem, Suede, Profile, Contour, Zeal, Solstice II, Messager, R335C, Focus, Freeform, t255, Transform, a187, Intercept, Craft, m340, t249, Gusto, Eternity, Flight II, Seek, SGH-T369, Intensity II, Acclaim, Code, Smiley, Gravity, Rugby, Restore, Rant, Reality, Exec, Strive, Sunburst, Reclaim, t139, Caliber, Finesse, Trill, Behold II, Convoy, Mantra, Flight, Mythic, Moment, Caliber, t401g, Intrepid, Intensity, Smooth, MyShot, Rogue, Gravity 2, Solstice, Highlight, Omnia II, t659, Instinct HD, MyShot II, Axle, Messager II, Exclaim, Adorn, Comeback, Jack, t349, Finesse, Alias, a177, Magnet, t239, Trance, Instinct, Tint, Impression, Propel Pro, Mondi, Memoir, TwoStep, Omnia, Renown, Saga, Hue II, Delve, a777, Epix, Highnote, JetSet, Sway, a637, u430, m320, a237, Blackjack II, t339, z400, t229, m360, Galaxy, and Galaxy Tab series models) that obtain digital content, and upload the digital content to a remote server or transmit the digital content to a remote device via multimedia messages ("MMS messages") or e-mail (hereinafter "Samsung upload services and/or devices").

10. Defendant Samsung Korea is doing business in the United States and, more particularly, in the Northern District of Texas by designing, marketing, making, using, selling, importing, and/or offering for sale Samsung upload services and/or devices that infringe the patent claims involved in this action or by transacting other business in this District.

11. Defendant Samsung Telecommunications America LLC ("Samsung Richardson") is a Delaware corporation, with its principal place of business at 1301 East Lookout Drive, Richardson, Texas 75082. (When not identified separately, Samsung Korea and Samsung Richardson are collectively referred to herein as "Samsung".)

12. Defendant Samsung Richardson is designing, marketing, making, using, selling, importing, and/or offering for sale Samsung upload services and/or devices.

13. Defendant Samsung Richardson is doing business in the United States and, more particularly, in the Northern District of Texas by designing, marketing, making, using, selling, importing, and/or offering for sale Samsung upload services and/or devices that infringe the patent claims involved in this action or by transacting other business in this District.  Samsung Richardson may be served with process by serving its registered agent, Corporation Service Company, at 211 East Seventh Street, Suite 620, Austin, Texas 78701-3218.

14. Defendant Multiply, Inc. ("Multiply") is a Delaware corporation, with its principal place of business at 6001 Park of Commerce Blvd., Suite 300, Boca Raton, Florida 33487.

15. Defendant Multiply is making, using, selling, importing, and/or offering for sale services, servers, applications, and/or a website (including, but not limited to, www.multiply.com and Multiply web app) that transmit pre-processing parameters, receive pre-processed digital content, and/or distribute pre-processed digital content to a remote device (hereinafter "Multiply upload services").

16. Defendant Multiply is doing business in the United States and, more particularly, in the Northern District of Texas by making, using, selling, importing, and/or offering for sale Multiply upload services that infringe the patent claims involved in this action or by transacting other business in this District.  Multiply may be served with process by serving its registered agent, Corporation Service Company at 211 East Seventh Street, Suite 620, Austin, Texas 78701-3218.

17. Defendant Facebook, Inc. ("Facebook") is a Delaware corporation, with its principal place of business at 156 University Avenue, Palo Alto, California 94301.

18. Defendant Facebook is making, using, selling, importing, and/or offering for sale services, servers, applications, and/or a website (including, but not limited to, www.facebook.com and Facebook app) that transmit pre-processing parameters, receive pre-processed digital content, and/or distribute pre-processed digital content to a remote device (hereinafter "Facebook upload services").  Among the applications that Facebook makes, uses, sells, imports and/or offers are applications for Blackberry devices from co-defendant RIM and Android-based devices from co-defendant Samsung.

19. Defendant Facebook is doing business in the United States and, more particularly, in the Northern District of Texas by making, using, selling importing, and/or offering for sale the Facebook upload services that infringe the patent claims involved in this action or by transacting other business in this District.  Facebook may be served with process by serving its registered agent, Corporation Service Company at 211 East Seventh Street, Suite 620, Austin, Texas 78701-3218.

20. Defendant Photobucket Corporation ("Photobucket") is a Washington corporation, with its principal place of business at 1099 18th Street, Suite 770, Denver, Colorado 80202.

21. Defendant Photobucket is making, using, selling, importing, and/or offering for sale services, servers, applications, and/or a website (including, but not limited to, www.photobucket.com and Photobucket app) that transmit pre-processing parameters, receive pre-processed digital content, and/or distribute pre-processed digital content to a remote device (hereinafter "Photobucket upload services").  Among the applications that Photobucket makes, uses, sells, imports and/or offers are applications for Blackberry devices from co-defendant RIM and Android-based devices from co-defendant Samsung.

22. Defendant Photobucket is doing business in the United States and, more particularly, in the Northern District of Texas by making, using, selling importing, and/or offering for sale the

Photobucket upload services that infringe the patent claims involved in this action or by transacting other business in this District. Photobucket may be served with process by serving its registered agent, Corporation Service Company at 211 East Seventh Street, Suite 620, Austin, Texas 78701-3218.

## JURISDICTION AND VENUE

23. This is a civil action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. §§ 271 and 281-285. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a).

24. Venue is proper in the Dallas Division of the Northern District of Texas pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b).

25. This Court has personal jurisdiction over RIM Canada and RIM Irving. RIM Canada and RIM Irving have conducted and do conduct business within the State of Texas. RIM Canada and RIM Irving, directly or through intermediaries (including distributors, retailers, and others), ship, distribute, offer for sale, sell, design, manufacture, and advertise products or services that infringe the patent claims involved in this action in the United States, the State of Texas, and the Northern District of Texas. RIM Canada and RIM Irving have purposefully and voluntarily placed one or more of its RIM upload services and/or devices into the stream of commerce with the expectation that they will be purchased by consumers in the Northern District of Texas. RIM's upload services and/or devices have been and continue to be purchased by consumers in the Northern District of Texas. RIM Canada and RIM Irving have committed the tort of patent infringement within the State of Texas and, more particularly, within the Northern District of Texas.

26. This Court has personal jurisdiction over Samsung Korea and Samsung Richardson. Samsung Korea and Samsung Richardson have conducted and do conduct business within

the State of Texas. Samsung Korea and Samsung Richardson, directly or through intermediaries (including distributors, retailers, and others), ship, distribute, offer for sale, sell, design, manufacture, and advertises products or services that infringe the patent claims involved in this action in the United States, the State of Texas, and the Northern District of Texas. Samsung Korea and Samsung Richardson have purposefully and voluntarily placed one or more of its Samsung upload services and/or devices into the stream of commerce with the expectation that they will be purchased by consumers in the Northern District of Texas. Samsung's upload services and/or devices have been and continue to be purchased by consumers in the Northern District of Texas. Samsung Korea and Samsung Richardson have committed the tort of patent infringement within the State of Texas and, more particularly, within the Northern District of Texas.

27. This Court has personal jurisdiction over Multiply. Multiply has conducted and does conduct business within the State of Texas. Multiply, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises products and/or services that infringe the patent claims involved in this action in the United States, the State of Texas, and the Northern District of Texas. Multiply has purposefully and voluntarily placed one or more of its Multiply upload services into the stream of commerce with the expectation that they will be purchased or used by consumers in the Northern District of Texas. Multiply's upload services have been and continue to be purchased or used by consumers in the Northern District of Texas. Multiply has committed the tort of patent infringement within the State of Texas and, more particularly, within the Northern District of Texas.

28. This Court has personal jurisdiction over Facebook. Facebook has conducted and does conduct business within the State of Texas. Facebook, directly or through intermediaries

(including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises products and/or services that infringe the patent claims involved in this action in the United States, the State of Texas, and the Northern District of Texas. Facebook has purposefully and voluntarily placed one or more of its Facebook upload services into the stream of commerce with the expectation that they will be purchased or used by consumers in the Northern District of Texas. The Facebook upload services have been and continue to be purchased or used by consumers in the Northern District of Texas. Facebook has committed the tort of patent infringement within the State of Texas and, more particularly, within the Northern District of Texas.

29. This Court has personal jurisdiction over Photobucket. Photobucket has conducted and does conduct business within the State of Texas. Photobucket, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises products and/or services that infringe the patent claims involved in this action in the United States, the State of Texas, and the Northern District of Texas. Photobucket has purposefully and voluntarily placed one or more of its Photobucket upload services into the stream of commerce with the expectation that they will be purchased or used by consumers in the Northern District of Texas. The Photobucket upload services have been and continue to be purchased or used by consumers in the Northern District of Texas. Photobucket has committed the tort of patent infringement within the State of Texas and, more particularly, within the Northern District of Texas.

## GENERAL ALLEGATIONS

30. On July 27, 2010, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 7,765,482 ("the '482 Patent"), entitled "Web-Based Media Submission Tool," to Lisa T.

Wood, Scott M. Lewis, and Robin T. Fried.  Summit 6 is the owner by assignment of the '482 Patent.

31. On May 17, 2005, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 6,895,557 ("the '557 Patent"), entitled "Web-Based Media Submission Tool," to Lisa T. Wood, Scott M. Lewis, and Robin T. Fried.  Summit 6 is the owner by assignment of the '557 Patent.

32. The '482 Patent and the '557 Patent (collectively "the Asserted Patents") are valid and enforceable.

33. Defendants have infringed, and continue to infringe, directly, contributorily, and/or through the inducement of others, the claimed inventions of the '482 Patent through the upload services and/or devices they make, use, import, export, sell, and/or offer for sale.

34. Multiply, Facebook, and Photobucket have infringed, and continue to infringe, directly, contributorily, and/or through the inducement of others, the claimed inventions of the '557 Patent through the upload services they make, use, import, export, sell, and/or offer for sale.

35. Summit 6 has been damaged as a result of Defendants' infringing conduct.  Defendants are, therefore, liable to Summit 6 in an amount that adequately compensates Summit 6 for Defendants' infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT I

### Infringement of the '482 Patent

36. Summit 6 repeats and realleges the allegations in paragraphs 1-35 as though fully set forth herein.

37. RIM has been and is now directly infringing the '482 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting its RIM upload services

and/or devices that practice or embody one or more claims of the '482 Patent. For example, RIM's devices practice the methods of at least Claims 1, 6, 8-9, 13-14, 16-19, 21-23, 38, 40-42, 44-46, and 49 of the '482 Patent. RIM also has been and is now contributing to and/or inducing others, such as end users of such RIM upload services and/or devices, to directly infringe one or more claims of the '482 Patent. RIM's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

38. Samsung has been and is now directly infringing the '482 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting its Samsung upload services and/or devices that practice or embody one or more claims of the '482 Patent. For example, Samsung's devices practice the methods of at least Claims 1, 6, 8-9, 13-14, 16-19, 21-23, 38, 40-42, 44-46, and 49 of the '482 Patent. Samsung also has been and is now contributing to and/or inducing others, such as end users of such Samsung upload services and/or devices, to directly infringe one or more claims of the '482 Patent. Samsung's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

39. Multiply has been and is now directly infringing the '482 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting Multiply upload services that practice or embody one or more claims of the '482 Patent. For example, Multiply's website embodies at least Claims 1, 4-6, 12, 26, 36, 37, and 51 of the '482 Patent. Multiply also has been and is now contributing to and/or inducing others, such as end users of such Multiply upload services, to directly infringe one or more claims of the '482 Patent. Multiply's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

40. Facebook has been and is now directly infringing the '482 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting Facebook upload services

that practice or embody one or more claims of the '482 Patent.  For example, Facebook's website embodies at least Claims 1, 4-6, 8-9, 12, 26, 36, 37, and 51 of the '482 Patent. Facebook also has been and is now contributing to and/or inducing others, such as end users of such Facebook upload services, to directly infringe one or more claims of the '482 Patent. Facebook's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

41. Photobucket has been and is now directly infringing the '482 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting Photobucket upload services that practice or embody one or more claims of the '482 Patent.  For example, Photobucket's website embodies at least Claims 1, 4-6, 12, 26, 36, 37, and 51 of the '482 Patent.  Photobucket also has been and is now contributing to and/or inducing others, such as end users of such Photobucket upload services, to directly infringe one or more claims of the '482 Patent.  Photobucket's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

42. Defendants' acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Summit 6 and its affiliates for which there is no adequate remedy at law.  Unless enjoined by this Court, Defendants will continue to infringe the '482 Patent.

## <u>COUNT II</u>

### Infringement of the '557 Patent

43. Summit 6 repeats and realleges the allegations in paragraphs 1-42 as though fully set forth herein.

44. Multiply has been and is now directly infringing the '557 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting Multiply upload services

that practice or embody one or more claims of the '557 Patent.  For example, Multiply's website embodies at least Claims 1, 2, 4-5, 7, 10-11, 14-19, 22-24, 27-29, 31, 33-34, 37-38, 40-42, 45-53, 55-68, and 71-74 of the '557 Patent.  Multiply also has been and is now contributing to and/or inducing others, such as end users of such Multiply upload services, to directly infringe one or more claims of the '557 Patent.  Multiply's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

45. Facebook has been and is now directly infringing the '557 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting Facebook upload services that practice or embody one or more claims of the '557 Patent.  For example, Facebook's website embodies at least Claims 1, 2, 4-5, 7, 10-11, 14-16, 18-19, 22-24, 27-29, 31, 33-34, 37-38, 40-42, 45-47, 49-53, 55-62, 64-68, and 71-74 of the '557 Patent.  Facebook also has been and is now contributing to and/or inducing others, such as end users of such Facebook upload services, to directly infringe one or more claims of the '557 Patent.  Facebook's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

46. Photobucket has been and is now directly infringing the '557 Patent by making, using, selling, offering for sale, importing into the United States, and/or exporting Photobucket upload services that practice or embody one or more claims of the '557 Patent.  For example, Photobucket's website embodies at least Claims 1, 2, 4-5, 7, 10-11, 14-16, 18-19, 22-24, 27-29, 31, 33-34, 37-38, 40-42, 45-47, 49-51, 53, 55-62, 64-66, 68, and 71-74 of the '557 Patent.  Photobucket also has been and is now contributing to and/or inducing others, such as end users of such Photobucket upload services, to directly infringe one or more claims of the '557 Patent.  Photobucket's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

47. Defendants' acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Summit 6 and its affiliates for which there is no adequate remedy at law.  Unless enjoined by this Court, Defendants will continue to infringe the '557 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Summit 6 requests the following relief:

48. that Defendants and their parents, affiliates, subsidiaries, officers, agents, servants, employees, attorneys, successors, and assigns, and all those persons in active concert or participation with them, or any of them, be enjoined from making, importing, using, offering for sale, selling, or causing to be sold any product or service falling within the scope of any claim of the '482 Patent, or otherwise infringing or contributing to or inducing infringement of any claim of the '482 Patent;

49. that Multiply, Facebook, and Photobucket and their parents, affiliates, subsidiaries, officers, agents, servants, employees, attorneys, successors, and assigns, and all those persons in active concert or participation with them, or any of them, be enjoined from making, importing, using, offering for sale, selling, or causing to be sold any product or service falling within the scope of any claim of the '557 Patent, or otherwise infringing or contributing to or inducing infringement of any claim of the '557 Patent;

50. a finding that Defendants have directly infringed, and/or indirectly infringed by way of inducement and/or contributory infringement, the '482 Patent;

51. a finding that Multiply, Facebook, and Photobucket have directly infringed, and/or indirectly infringed by way of inducement and/or contributory infringement, the '557 Patent;

52. that Summit 6 be awarded its actual damages;

53. that Summit 6 be awarded enhanced damages pursuant to 35 U.S.C. § 284;

54. that Summit 6 be awarded pre-judgment interest and post-judgment interest at the maximum rate allowed by law;

55. that the Court order an accounting for damages;

56. that the Court declare this to be an exceptional case pursuant to 35 U.S.C. § 285 and award Summit 6 its attorneys' fees;

57. alternatively, that the Court award a compulsory future royalty, in the event that an injunction does not issue;

58. that Summit 6 be awarded costs of court; and

59. that Summit 6 be awarded such other and further relief as the Court deems just and proper.

## <u>DEMAND FOR A JURY TRIAL</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Summit 6 demands a trial by jury on all issues triable of right by a jury.

Dated:  February 23, 2011          Respectfully submitted,

**MCKOOL SMITH, P.C.**

By:  /s/ Douglas A. Cawley
Douglas A. Cawley
Lead Attorney
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
Theodore Stevenson III
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
Bradley W. Caldwell
Texas State Bar No. 24040630
bcaldwell@mckoolsmith.com
McKool Smith, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

**ATTORNEYS FOR PLAINTIFF
SUMMIT 6 LLC**