## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| SUMMIT 6 LLC, | |
| **Plaintiff and Counterclaim Defendant,** | |
| v. | **3:11-CV-367** |
| RESEARCH IN MOTION CORP., et al., | |
| **Defendants and Counterclaim Plaintiffs.** | |

### RESEARCH IN MOTION CORPORATION AND RESEARCH IN MOTION LTD.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Defendants Research In Motion Corporation and Research In Motion Limited (collectively, "RIM") file this Answer and Counterclaims to Plaintiff Summit 6 LLC's ("Summit 6") Original Complaint for Patent Infringement (Dkt. No. 1) ("Complaint") as follows:

### THE PARTIES

1.     RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint and, at least on that basis, denies all such allegations.

2.     RIM admits that Research In Motion Limited is a Canadian corporation with its principal place of business at 295 Phillip Street, Waterloo, Ontario, Canada N2L 3W8. RIM acknowledges that the Complaint refers to Research In Motion Limited as "RIM Canada."

3.     Because it is unclear and vague as to what Summit 6 is referring to as "obtain digital content, and upload the digital content to a remote server or transmit the digital content to a remote device via multimedia messages ('MMS messages') or e-mail (hereinafter 'RIM upload services and/or devices')," RIM is without knowledge or information sufficient to form a belief

as to the truth of the allegations of paragraph 3 of the Complaint and, at least on that basis, denies all such allegations.

4.      RIM admits that Research In Motion Limited is doing business in the United States and in the Northern District of Texas.  Because it is unclear and vague as to what Summit 6 is referring to as "RIM upload services and/or devices," RIM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 4 of the Complaint and, at least on that basis, denies all such allegations.

5.      RIM admits the Research In Motion Corporation is a Delaware corporation with its principal place of business at 122 W. John Carpenter Freeway, Suite 430, Irving, Texas 75039.  RIM admits that Research In Motion Corporation is a wholly-owned subsidiary of Research In Motion Limited and serves as a representative of Research In Motion Limited for purposes of conducting business in the United States.  RIM acknowledges that the Complaint collectively refers to Research In Motion Limited and Research In Motion Corporation as "RIM."

6.      Because it is unclear and vague as to what Summit 6 is referring to as "RIM upload services and/or devices," RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint and, at least on that basis, denies all such allegations.

7.      RIM admits that Research In Motion Corporation is doing business in the United States and in the Northern District of Texas.  RIM further admits that it has appointed CT Corporation System, 350 N. St. Paul Street, Dallas, Texas, as its agent for service of process. Because it is unclear and vague as to what Summit 6 is referring to as "RIM upload services and/or devices," RIM is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations of paragraph 7 of the Complaint and, at least on that basis, denies all such allegations.

8.      Paragraph 8 of the Complaint does not require a response by RIM.  To the extent that paragraph 8 is deemed to require a response by RIM, RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint and, at least on that basis, denies all such allegations.

9.      Paragraph 9 of the Complaint does not require a response by RIM.  To the extent that paragraph 9 is deemed to require a response by RIM, RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint and, at least on that basis, denies all such allegations.

10.      Paragraph 10 of the Complaint does not require a response by RIM.  To the extent that paragraph 10 is deemed to require a response by RIM, RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint and, at least on that basis, denies all such allegations.

11.      Paragraph 11 of the Complaint does not require a response by RIM.  To the extent that paragraph 11 is deemed to require a response by RIM, RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint and, at least on that basis, denies all such allegations.

12.      Paragraph 12 of the Complaint does not require a response by RIM.  To the extent that paragraph 12 is deemed to require a response by RIM, RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint and, at least on that basis, denies all such allegations.

13.     Paragraph 13 of the Complaint does not require a response by RIM.  To the extent that paragraph 13 is deemed to require a response by RIM, RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint and, at least on that basis, denies all such allegations.

14.     Paragraph 14 of the Complaint does not require a response by RIM.  To the extent that paragraph 14 is deemed to require a response by RIM, RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint and, at least on that basis, denies all such allegations.

15.     Paragraph 15 of the Complaint does not require a response by RIM.  To the extent that paragraph 15 is deemed to require a response by RIM, RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint and, at least on that basis, denies all such allegations.

16.     Paragraph 16 of the Complaint does not require a response by RIM.  To the extent that paragraph 16 is deemed to require a response by RIM, RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint and, at least on that basis, denies all such allegations.

17.     Paragraph 17 of the Complaint does not require a response by RIM.  To the extent that paragraph 17 is deemed to require a response by RIM, RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint and, at least on that basis, denies all such allegations.

18.     Paragraph 18 of the Complaint does not require a response by RIM.  To the extent that paragraph 18 is deemed to require a response by RIM, RIM is without knowledge or

information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint and, at least on that basis, denies all such allegations.

19.     Paragraph 19 of the Complaint does not require a response by RIM.  To the extent that paragraph 19 is deemed to require a response by RIM, RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint and, at least on that basis, denies all such allegations.

20.     Paragraph 20 of the Complaint does not require a response by RIM.  To the extent that paragraph 20 is deemed to require a response by RIM, RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint and, at least on that basis, denies all such allegations.

21.     Paragraph 21 of the Complaint does not require a response by RIM.  To the extent that paragraph 21 is deemed to require a response by RIM, RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint and, at least on that basis, denies all such allegations.

22.     Paragraph 22 of the Complaint does not require a response by RIM.  To the extent that paragraph 22 is deemed to require a response by RIM, RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint and, at least on that basis, denies all such allegations.

## JURISDICTION AND VENUE

23.     RIM admits that the Complaint alleges a civil action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code but denies that RIM has engaged in such infringement.  RIM admits that this Court has subject matter jurisdiction over this action.

24.     To the extent that the allegations in paragraph 24 of the Complaint are directed against RIM, RIM does not contest venue over RIM in this Judicial District.  RIM, however, denies that it has committed any act of infringement within this District that would render venue proper under 28 U.S.C. § 1400(b).  RIM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 24 (including those alleged as to any other party) and, at least on that basis, denies all such allegations.

25.     RIM does not contest personal jurisdiction over RIM by this Court and further admits that RIM has conducted businesses within the State of Texas and/or within this District.  RIM denies that it has committed any act of infringement within the United States, the State of Texas, or within this District.  Because it is unclear and vague as to what Summit 6 is referring to as "RIM upload services and/or devices," RIM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 25 of the Complaint and, at least on that basis, denies all such allegations.

26.     Paragraph 26 of the Complaint does not require a response by RIM.  To the extent that paragraph 26 is deemed to require a response by RIM, RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint and, at least on that basis, denies all such allegations.

27.     Paragraph 27 of the Complaint does not require a response by RIM.  To the extent that paragraph 27 is deemed to require a response by RIM, RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint and, at least on that basis, denies all such allegations.

28.     Paragraph 28 of the Complaint does not require a response by RIM.  To the extent that paragraph 28 is deemed to require a response by RIM, RIM is without knowledge or

information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint and, at least on that basis, denies all such allegations.

29.     Paragraph 29 of the Complaint does not require a response by RIM.  To the extent that paragraph 29 is deemed to require a response by RIM, RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Complaint and, at least on that basis, denies all such allegations.

## GENERAL ALLEGATIONS

30.     RIM admits that U.S. Patent No. 7,765,482 ("the '482 Patent") indicates on its face that it issued on July 27, 2010, is entitled "Web-Based Media Submission Tool," and names Lisa T. Wood, Scott M. Lewis, and Robin T. Fried as inventors.  RIM denies that the '482 Patent was duly and legally issued.  RIM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 30 and, at least on that basis, denies all such allegations.

31.     RIM admits that U.S. Patent No. 6,895,557 ("the '557 Patent") indicates on its face that it issued on May 17, 2005, is entitled "Web-Based Media Submission Tool," and names Lisa T. Wood, Scott M. Lewis, and Robin T. Fried as inventors.  RIM denies that the '557 Patent was duly and legally issued.  RIM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 31 and, at least on that basis, denies all such allegations.

32.     RIM denies the allegation of paragraph 32 of the Complaint.  RIM acknowledges that the Complaint collectively refers to the '482 Patent and the '557 Patent as "the Asserted Patents."

33.     To the extent that the allegations in paragraph 33 of the Complaint are directed against RIM, RIM denies the allegations of paragraph 33.  RIM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 33 (including those alleged as to any other party) and, at least on that basis, denies all such allegations.

34.     Paragraph 34 of the Complaint does not require a response by RIM.  To the extent that paragraph 34 is deemed to require a response by RIM, RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Complaint and, at least on that basis, denies all such allegations.

35.     To the extent that the allegations in paragraph 35 of the Complaint are directed against RIM, RIM denies the allegations of paragraph 35.  RIM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 35 (including those alleged as to any other party) and, at least on that basis, denies all such allegations.

## COUNT I

### [Alleged] Infringement of the '482 Patent

36.     RIM incorporates by reference the answers to paragraphs 1-35 above.

37.     RIM denies the allegations of paragraph 37 of the Complaint.

38.     Paragraph 38 of the Complaint does not require a response by RIM.  To the extent that paragraph 38 is deemed to require a response by RIM, RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of the Complaint and, at least on that basis, denies all such allegations.

39.     Paragraph 39 of the Complaint does not require a response by RIM.  To the extent that paragraph 39 is deemed to require a response by RIM, RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the Complaint and, at least on that basis, denies all such allegations.

40.     Paragraph 40 of the Complaint does not require a response by RIM.  To the extent that paragraph 40 is deemed to require a response by RIM, RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Complaint and, at least on that basis, denies all such allegations.

41.     Paragraph 41 of the Complaint does not require a response by RIM.  To the extent that paragraph 41 is deemed to require a response by RIM, RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Complaint and, at least on that basis, denies all such allegations.

42.     To the extent that the allegations in paragraph 42 of the Complaint are directed against RIM, RIM denies the allegations of paragraph 42.  RIM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 42 (including those alleged as to any other party) and, at least on that basis, denies all such allegations.

## COUNT II

### [Alleged] Infringement of the '557 Patent

43.     RIM incorporates by reference the answers to paragraphs 1-42 above.

44.     Paragraph 44 of the Complaint does not require a response by RIM.  To the extent that paragraph 44 is deemed to require a response by RIM, RIM is without knowledge or

information sufficient to form a belief as to the truth of the allegations of paragraph 44 of the Complaint and, at least on that basis, denies all such allegations.

45.     Paragraph 45 of the Complaint does not require a response by RIM.  To the extent that paragraph 45 is deemed to require a response by RIM, RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 of the Complaint and, at least on that basis, denies all such allegations.

46.     Paragraph 46 of the Complaint does not require a response by RIM.  To the extent that paragraph 46 is deemed to require a response by RIM, RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 of the Complaint and, at least on that basis, denies all such allegations.

47.     Although the allegations of Paragraph 47 of the Complaint are directed to all "Defendants," the Complaint does not allege infringement of the '557 Patent by RIM.  Thus, Paragraph 47 of the Complaint does not require a response by RIM.  To the extent that paragraph 47 is deemed to require a response by RIM, RIM denies the allegations of paragraph 47.  RIM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 47 (including those alleged as to any other party) and, at least on that basis, denies all such allegations.

## PRAYER FOR [ALLEGED] RELIEF

48-59.  RIM denies that Summit 6 is entitled to any relief from RIM and denies all of the allegations directed towards RIM contained in paragraphs 48 through 59 of Plaintiff's Prayer for Relief.  Specifically, RIM denies that it infringes or has infringed any valid and enforceable claim of the asserted patent under any theory.  As such, RIM also denies that Summit 6 is entitled to any relief requested by Summit 6 against RIM, including injunctive relief, damages,

attorneys' fees, costs, interest, or any other relief of any kind.  To the extent that the allegations in paragraphs 48 through 59 of Plaintiff's Prayer for Relief are directed against defendants other than RIM, RIM is without knowledge or information sufficient to form a belief as to the truth of those allegations and, at least on that basis, denies all such allegations.

## DEMAND FOR JURY TRIAL

60.     RIM admits that the Complaint sets forth a request for trial by jury.

61.     To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, RIM denies them.

## AFFIRMATIVE DEFENSES

RIM's Affirmative Defenses are listed below.  RIM reserves the right to amend its Answer to add additional Affirmative Defenses, including allegations of inequitable conduct, consistent with the facts discovered in the case.

## FIRST DEFENSE

1.     Each asserted claim of the '482 Patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulation, and laws pertaining thereto.

## SECOND DEFENSE

2.     RIM does not infringe, and has not infringed, under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '482 Patent.

## THIRD DEFENSE

3.     To the extent that Summit 6 asserts that RIM indirectly infringes, either by contributory infringement or inducement of infringement, RIM is not liable to Summit 6 for the

acts alleged to have been performed before RIM knew that its actions would cause indirect infringement.

## FOURTH DEFENSE

4.      To the extent that Summit 6 and alleged predecessors in interest to the '482 Patent failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that RIM's actions allegedly infringed the '482 Patent, RIM is not liable to Summit 6 for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '482 Patent.

## FIFTH DEFENSE

5.      At least a portion of Summit 6's claim for damages from RIM for alleged infringement is barred from recovery in this Court pursuant to 28 U.S.C. § 1498.

## SIXTH DEFENSE

6.      Summit 6's claims are barred in whole or in part based on prosecution history estoppel and/or prosecution history disclaimer.

## SEVENTH DEFENSE

7.      The '482 Patent is unenforceable against RIM because of estoppel (including equitable estoppel), laches, waiver, or other equitable doctrines.

## PRAYER FOR RELIEF ON SUMMIT 6'S COMPLAINT

WHEREFORE, RIM asks this Court to enter judgment in RIM's favor and against Summit 6 by granting the following relief:

a) a dismissal of all claims in Summit 6's Original Complaint for Patent Infringement against RIM with prejudice and a complete denial of Summit 6's requests for damages, injunctive relief, costs, expenses, attorneys' fees, and any other form of relief;

b)  a permanent injunction restraining Summit 6 and its respective officers, agents, servants, employees, attorneys, and any other persons acting on its behalf or in concert with it, from charging or threatening, orally or in writing, that the '482 Patent has been infringed by RIM under any subsection of 35 U.S.C. § 271; and

c)  an award to RIM of its reasonable attorneys' fees, costs, and all interest (including without limitation any attorney fee awards based upon 35 U.S.C. § 285) and any such other and further relief as the Court finds just and proper.

## COUNTERCLAIMS

## PARTIES

1.      Counterclaim Plaintiff Research In Motion Limited is a Canadian corporation with its principal place of business at 295 Phillip Street, Waterloo, Ontario, Canada N2L 3W8.

2.      Counterclaim Plaintiff Research In Motion Corporation is a Delaware corporation with its principal place of business at 122 W. John Carpenter Freeway, Suite 430, Irving, Texas 75039.  Hereafter, Research In Motion Limited and Research In Motion Corporation shall be referred to as "RIM."

3.      On information and belief based solely on Paragraph 1 of the Complaint as pled by Counterclaim Defendant Summit 6 LLC. ("Summit 6"), Summit 6 is a Delaware Corporation, with its principal place of business at 14850 Quorum Drive, Suite 325, Dallas, Texas 75254.

## JURISDICITON

4.      This counterclaim arises under the patent laws of the United States, Title 35, United States Code.  The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.,* and 28 U.S.C. §§ 1331, 1338, 1367, and 2201-02.

5.      Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400. Venue is further proper in the Dallas Division.

## COUNT I

## DECLARATION REGARDING INVALIDITY

6.      Based on Summit 6's filing of this action and RIM's First Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '482 Patent.

7.      Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, and 35 U.S.C. § 100 *et seq.*, RIM requests a declaration by the Court that the claims of the '482 Patent are invalid.

## COUNT II

## DECLARATION REGARDING NON-INFRINGEMENT

8.      Based on Summit 6's filing of this action and RIM's Second and Third Defenses, an actual controversy has arisen and now exists between the parties as to whether RIM infringes the '482 Patent.

9.      Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, RIM requests a declaration by the Court that it does not infringe any valid and enforceable claim of the '482 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## PRAYER FOR RELIEF ON RIM'S COUNTERCLAIMS

WHEREFORE, RIM asks this Court to enter judgment in RIM's favor and against Counterclaim Defendant Summit 6 by granting the following relief:

a)   a declaration that the asserted claims of the '482 Patent are invalid;

b)   a declaration that RIM does not infringe, under any theory, any valid claim of the '482 Patent that may be enforceable;

c)   a declaration that Summit 6 take nothing by its Complaint;

d)   judgment against Summit 6 and in favor of RIM;

e)   dismissal of the Complaint with prejudice;

f)   an award to RIM of its costs and attorneys' fees incurred in this action; and

g)   further relief as the Court may deem just and proper.

## JURY DEMAND

RIM hereby demands trial by jury on all issues.

Dated: April 29, 2011                    Respectfully submitted,

                                         FISH & RICHARDSON P.C.


                                         By: /s/ Thomas M. Melsheimer
                                             Thomas M. Melsheimer
                                             melsheimer@fr.com
                                             Texas Bar No. 13922550
                                             Thomas H. Reger II
                                             reger@fr.com
                                             Texas Bar No. 24032992
                                             Carl R. Bruce
                                             Texas Bar No. 24036278
                                             bruce@fr.com
                                             Michael A. Bittner
                                             Texas Bar No. 24064905
                                             bittner@fr.com
                                             1717 Main Street, Suite 5000
                                             Dallas, Texas  75201
                                             (214) 747-5070 (Telephone)
                                             (214) 747-2091 (Facsimile)

                                             HAYNES and BOONE LLP
                                             John R. Emerson
                                             State Bar No. 24002053
                                             2323 Victory Avenue, Suite 700
                                             Dallas, Texas 75219
                                             Telephone: (214) 651-5000
                                             Facsimile: (214) 651-5940
                                             russ.emerson@haynesboone.com


                                         **Counsel for Defendants**
                                         **RESEARCH IN MOTION CORPORATION**
                                         **and RESEARCH IN MOTION LIMITED**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 29, 2011, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule 5.1(d).


*/s/ Thomas H. Reger II*
Thomas H. Reger II