IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SUMMIT 6 LLC,<br><br>    Plaintiff,<br><br>v.<br><br>RESEARCH IN MOTION<br>CORPORATION, et al.,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§    Civil Action No. 3:11-cv-367-O<br>§<br>§<br>§<br>§<br>§<br>§ |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendant Samsung Electronics Co., Ltd. and Samsung Telecommunications America LLC's (collectively, "Samsung") Motion for Summary Judgment of Noninfringement (ECF No. 300), filed October 22, 2012; Plaintiff Summit 6 LLC's Response (ECF No. 315), filed November 13, 2012; and Samsung's Reply (ECF No. 335), filed November 27, 2012.

Having considered this motion's related briefing and the applicable law the Court finds that it should be and is hereby **GRANTED in part** and **DENIED in part**.

**I.    BACKGROUND**

Plaintiff Summit 6 LLC ("Summit 6") is the owner by assignment of U.S. Patent No. 7,765,482 (the "'482 patent"), entitled "Web-based Media Submission Tool," which relates to "the handling, manipulation and processing of digital content." U.S. Patent No. 7,765,482 col. 1 l. 11–12 (filed October 8, 2004). On February 23, 2011, Summit 6 sued Samsung for patent infringement in federal district court. *See generally* Compl., ECF No. 1. In its complaint, Summit 6 alleges that "services, smartphones, and/or tablets sold by Samsung" infringe one or more claims of the '482

patent. *See id.* ¶¶ 9, 12. Summit 6 asserts three independent claims of the '482 patent against Samsung; claims 1, 13, and 38. Each of these three claims contains the "pre-processing . . . in preparation for publication" limitation. The Court construed the term "pre-processing" as "modifying the [media object data/digital content data], as opposed to data merely associated with the [media object/digital content], at the client or local device in preparation for transmission to a remote device." Claim Construction Order 17, May 21, 2012, ECF No. 168. The Court construed "publication" or "publishing" as "making publicly available." *Id.* at 48.

On October 22, 2012, Samsung filed its motion for summary judgment of noninfringement asserting that its accused products lack the "pre-processing . . . in preparation for publication" limitation, which is required by all asserted claims. *See* Def. Samsung's Mot. Summ. J. Noninfringement 1, ECF No. 300. Summit 6 responds that Samsung is not entitled to summary judgment because Samsung's accused products practice this limitation and at the very least, there is a genuine issue of material fact. *See* Pl.'s Br. Supp. Resp. 1–2, ECF No. 315. With the issues having been fully briefed by the parties, this matter is ripe for determination.

## II. LEGAL STANDARD

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine

material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); FED. R. CIV. P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323-24. To carry this burden, the "opponent must do more than simply show . . . some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249. Neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Summary judgment in favor of the Defendant is proper if, after adequate time for discovery, the Plaintiff fails to establish the existence of an element essential to her case and to which she will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

When weighing the evidence on a motion for summary judgment, the court must decide all reasonable doubts and inferences in the light most favorable to the non-movant. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). The court cannot make a credibility determination in light of conflicting evidence or competing inferences. *Anderson*, 477 U.S. at 255. As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion for summary judgment must be denied. *Id.* at 250.

### III. ANALYSIS

Samsung argues it is entitled to summary judgment of noninfringement because (1) its accused products do not perform the express claim limitation of "pre-processing . . . in preparation for publication" either literally or under the doctrine of equivalents, and (2) Summit 6 provides no evidence that the accused products perform all of the asserted claims in combination. Def. Samsung's Mot. Summ. J. Noninfringement 1–2, ECF No. 300. Summit 6 responds that (1) Samsung's accused devices meet the "pre-processing . . . in preparation for publication" limitation of the asserted independent claims, and (2) Summit 6 has provided evidence of performance of the claims methods. Pl.'s Resp. 1–2, ECF No. 315.

The Courts finds a genuine issue of material fact exists as to whether Samsung's products literally infringe the '482 patent. Therefore Samsung's motion for summary judgment on this issue is **DENIED**. There is also evidence sufficient to raise a genuine issue of material fact as to whether Samsung performs the asserted claims in combination. Therefore, Samsung's motion for summary judgment on this issue is **DENIED**. Accordingly, the only matter necessary for determination is whether Samsung's products infringe under the doctrine of equivalents.

#### A. Doctrine of Equivalents

"If an asserted claim does not literally read on an accused product, infringement may still occur under the doctrine of equivalents if there is not a substantial difference between the limitations of the claim and the accused product." *Bayer AG v. Elan Pharm. Research Corp.*, 212 F.3d 1241, 1250–51 (Fed. Cir. 2000) (citing *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29, 39–41 (1997)). "Equivalence is shown by evidence that the accused device contains an element that is not substantially different from any claim element that is literally lacking, or that the claimed

limitation and the accused component perform[ ] substantially the same function in substantially the same way to achieve substantially the same result." *Kraft Foods, Inc. v. Int'l Trading Co.*, 203 F.3d 1362, 1371 (Fed. Cir. 2000) (internal quotations and citations omitted) (alteration in original).

First, the Court addresses Summit 6's theory of infringement under the doctrine of equivalents as to the "pre-processing . . . in preparation for publication" element. Summit 6's expert, Dr. Jones, asserts that to the extent this element is not literally met, it is met under the doctrine of equivalents because of the function-way-result test and any differences between the accused products and the claim limitation are "insubstantial." Pl.'s App. Supp. Ex. 7 (Jones Opening Expert Report), at App. 149–50, ECF No. 319. Under the function-way-result test, Dr. Jones asserts the products (i) "perform the same function by placing digital content in a specified form in preparation for disseminating the content to an interested audience"; (ii) "perform this same function in substantially the same way by preparing the content at a client device into a specified form, where the placement in a specified form is controlled by received pre-processing parameters"; and (iii) "arrive at substantially the same result by allowing those with authorization to access the published information." *Id.*

Dr. Jones argues that the only difference is with the achieved result: "a result where the preparation was so that anyone can access the published information versus a result where the preparation was so anyone with authorization can access the published information." *Id.* at 150. Jones explains that "[t]o the extent this is different from 'publishing' as construed by the Court, the difference is that persons not likely to be interested in the content or those without a legitimate need for the content may not be able to access it directly." *Id.* Finally, Jones further argues that "once [Samsung] users publish the digital content – even if to a limited number of people targeted for

5

receipt of that content – there is nothing that prevents further dissemination, which can result in publication without any restriction or hurdle to accessing the digital content for anyone." *Id.* Jones concludes that "publication of digital content to authorized persons would be an insubstantial difference between [Samsung's] accused products and the 'pre-processing . . . in preparation for publication' claim terms as construed by the Court. Now that the Court has summarized Summit 6's infringement theory under the doctrine of equivalents, it will turn to whether it is barred from asserting this theory based on prosecution history estoppel.

### B. Prosecution History Estoppel

Samsung seeks summary judgment on the grounds that its accused devices do not infringe the '482 patent under the doctrine of equivalents because prosecution history estoppel prevents Summit 6 from applying this doctrine. Def. Samsung's Br. Supp. Mot. Summ. J. Noninfringement 18–20, ECF No. 300-1. Summit 6 responds that prosecution history estoppel is inapplicable to Summit 6's assertion of the doctrine of equivalents. Pl.'s Br. Supp. Resp. 23, ECF No. 315-1.

"Prosecution history estoppel is one limitation on the scope of equivalents that a patentee can claim under the doctrine of equivalents and is a question of law." *Bayer*, 212 F.3d at 1251 (citations omitted). "The touchstone of prosecution history estoppel is that a patentee is unable to reclaim through the doctrine of equivalents what was surrendered or disclaimed in order to obtain the patent." *Loral Fairchild Corp. v. Sony Corp.*, 181 F.3d 1313, 1322 (Fed. Cir. 1999) (citing *Warner-Jenkinson*, 520 U.S. at 30). Summary judgment of noninfringement under the doctrine of equivalents is appropriate where the asserted claims have been narrowed by amendment during patent prosecution and the nonmovant has failed to provide evidence to overcome the presumption of prosecution history estoppel. *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 344 F.3d

1359, 1366–67 (Fed. Cir. 2003).

The Federal Circuit has outlined four relevant inquiries in determining whether prosecution history estoppel applies: (1) "whether an amendment filed in the Patent and Trademark Office ('PTO') has narrowed the literal scope of the claim", (2) "whether the reason for that amendment was a substantial one relating to patentability", (3) "the scope of the subject matter surrendered by the narrowing amendment", and (4) whether the patentee rebuts the presumption of total surrender. *Festo Corp.*, 344 F.3d at 1366–67. The Court will first turn to whether this amendment is a narrowing one.

### 1. Narrowing Amendment

Summit 6 not only argues that adding the "in preparation for publication" element did not narrow the claims, but that the element actually broadens the claims. Pl.'s Br. Supp. Resp. 24, ECF No. 315-1. Samsung argues that since the added words impose additional requirements on the claim that were not previously included in the claim, the "in preparation for publication" element narrows the claim. Def. Samsung's Br. Supp. Reply 11, ECF No. 336.

When an amendment adds a new claim limitation, that amendment constitutes a narrowing amendment. *See Honeywell Int'l. Inc. v. Hamilton Sudstrand Corp.*, 370 F.3d 1131, 1140 (Fed. Cir. 2004) ("That the addition of a claim limitation constitutes a narrowing amendment is manifest in the language of both *Warner-Jenkinson* and *Festo*."); *Swapalease, Inc. v. Sublease Exchage.com, Inc.*, No. 1:07-CV-45, 2009 WL 204408, at *11 (S.D. Ohio Jan. 27, 2009) (finding that an amending the claim term "a webpage" to "a first webpage" constituted a narrowing amendment). Prior to the

7

amendment, Claim 1[1] stated "pre-processing said identified group of one or more media objects in accordance with previously received pre-processing parameters." Pl.'s App. Supp. Ex. 10 (Excerpts from '482 Patent File History, Response to July 10, 2009 Office Action), at App. 285, ECF No. 319. After amendment, the claim stated:

> pre-processing said identified group of one or more <u>items of digital content</u> in accordance with previously received pre-processing parameters, <u>said previously received pre-processing parameters enabling said client device to place said identified group of one or more items of digital content into a specified form in preparation for publication to one or more devices that are remote from a server device and said client device</u>.

*Id.* Prior to this amendment nothing in the claim related to publication or required placing an item into any specified form.[2] Therefore, adding this claim requirement limited what activities this claim encompassed and thus constituted a narrowing amendment.

2. Reason Relating to Patentability

Samsung argues that the limitation "in preparation for publication" was added to independent claims 1 and 13 during prosecution and thus a presumption that the narrowing amendment was made for purposes of patentability applies. Def. Samsung's Br. Supp. Mot. Summ. J. Noninfringement 18–20, ECF No. 300-1. Similarly, Samsung argues the presumption attaches to the subsequently-added Claim 38 because it contains the same "in preparation for publication" limitation. *Id.* (citing *Pall Corp. v. Hemasure, Inc.*, 181 F.3d 1305, 1312 (Fed. Cir. 1999)).

---

[1] The Court notes that what is now Claim 1 in the '482 patent was listed as Claim 16 during patent prosecution. In this Order, the Court will refer to claim numbers as they appear in the final '482 patent.

[2] The Court notes that similar language was added to Claim 13 (Claim 28 at this point in the prosecution of the final '482 patent). *See* Pl.'s App. Supp. Ex. 10 (Excerpts from '482 Patent File History, Response to July 10, 2009 Office Action), at App. 288–89 (Claim 28), ECF No. 319. Accordingly, the Court finds that this addition of language in Claim 13 also constitutes a narrowing amendment.

8

Summit 6 responds that "the 'in preparation for publication' element was not argued when discussing the patentability of the claims over the prior art" and thus the amendment was not for patentability reasons. Pl.'s Br. Supp. Resp. 25, ECF No. 315-1. The Court finds Summit 6 fails to meet its burden.

The Supreme Court "place[s] the burden on the patent holder to establish the reason for an amendment required during patent prosecution." *Warner-Jenkinson*, 520 U.S. at 33. The Supreme Court further explained the burden:

> The court then would decide whether that reason is sufficient to overcome prosecution history estoppel as a bar to application of the doctrine of equivalents to the element added by that amendment. Where no explanation is established, however, the court should presume that the patent applicant had a substantial reason related to patentability for including the limiting element added by amendment. In those circumstances, prosecution history estoppel would bar the application of the doctrine of equivalents as to that element.

*Id.*; *see also Festo*, 344 F.3d at 1366 ("When the prosecution history record reveals no reason for the narrowing amendment, *Warner-Jenkinson* presumes that the patentee had a substantial reason relating to patentability . . . ."). "[A] patentee's rebuttal of the *Warner-Jenkinson* presumption is restricted to the evidence in the prosecution history record." *Festo*, 334 F.3d at 1366.

Summit's "evidence" here consists only of attorney argument, which is insufficient to meet its burden. *See Zircon Corp. v. Stanley Works*, 713 F. Supp. 2d 881, 899 (N.D. Cal. 2010) ("*Festo* makes clear that courts should not consider an after-the-fact attorney declaration as evidence to rebut the presumption."); *DE Techs., Inc. v. Dell, Inc.*, No. 7:04-cv-628, 2007 WL 1112406, at *16 (W.D. Va. Apr. 9, 2007) ("In determining whether [patentee] has overcome this presumption [of amendment for reasons related to patentability], the court is charged to consider only the evidence

9

in the prosecution history record."). Even though, as Summit 6 argues, its response to the patent office did not explicitly distinguish the prior art based on the newly-added "in preparation for publication" limitation, pointing to a lack of argument fails to prove the amendment was added for reasons unrelated to patentability. *See Honeywell*, 523 F.3d at 1315–16 ("If the prosecution history reveals no reason for the narrowing amendment, the presumption is not rebutted. . . . Silence does not overcome the presumption."). Further, as Samsung highlights, in Summit 6's March 26, 2010 Response to the Examiner's Non-Final Rejection, Summit 6 explicitly referenced the "for publication" limitation when attempting to overcome the cited prior art references. Pl.'s App. Supp. Ex. 10 (Excerpts from '482 Patent File History, Response to January 22, 2010 Office Action), at App. 307, ECF No. 319 ("Yokomizo does not cure the deficiencies of Hui in its failure to disclose pre-processing of digital content using pre-processing parameters received from a remote device, the pre-processing parameters controlling a placement of the digital content into a specified form for publication."); *see also* Def. Samsung's Br. Supp. Reply 15, ECF No. 336. Thus, Summit 6 points to, and the Court finds, no evidence in the prosecution history of the patent to rebut the presumption that the narrowing amendment was made for reasons relating to patentability. Accordingly, the presumption that the amendment was made for reasons relating to patentability applies here.

### 3. Scope of Subject Matter Surrendered

The Court has concluded that the "in preparation for publication" amendment narrowed Claims 1 and 13 and was made for a reason relating to patentability. The Court thus presumes that Summit 6 surrendered all territory "between the original claim limitation and the amended claim limitation." *Festo*, 344 F.3d at 1367. Also, "subject matter surrendered via claim amendments during prosecution is also relinquished for other claims containing the same limitation." *Glaxo*

*Wellcome, Inc. v. Impax Labs., Inc.*, 356 F.3d 1348, 1356 (Fed. Cir. 2004) (citing *Builders Concrete, Inc. v. Bremerton Concrete Prods. Co.*, 757 F.2d 255, 260 (Fed. Cir. 1985). Thus, even though Claim 38 was not amended during prosecution, it is similarly presumed to have surrendered the same subject matter. *See id.* Accordingly, Summit 6 cannot rely on its asserted equivalent of "disseminating the content to an interested audience" to satisfy the "publication" limitation that the Court construed as "make publicly available." *See* Pl.'s App. Supp. Ex. 7 (Jones Opening Expert Report), at App. 149–50, ECF No. 319; Claim Construction Order 48, May 21, 2012, ECF No. 168. This subject matter was surrendered when the claims were amended to include the "in preparation for publication" limitation.

### 4. Rebuttal

"The patentee may rebut that presumption of total surrender by demonstrating that it did not surrender the particular equivalent in question . . . ." *Festo*, 344 F.3d at 1367. The Federal Circuit explains:

> "The Supreme Court held that the presumption can be overcome if '[t]he equivalent [was] unforeseeable at the time of the application; the rationale underlying the amendment [bears] no more than a tangential relation to the equivalent in question; or there [was] some other reason suggesting that the patentee could not reasonably be expected to have described the insubstantial substitute in question.'"

*Pioneer Magnetics, Inc. v. Micro Linear Corp.*, 330 F.3d 1352, 1357 (Fed. Cir. 2003) (citing *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 739 (2002)). The patentee bears the burden of rebutting the presumption of surrender, and the determination of whether the presumption has been rebutted is a question of law. *See Biagro W. Sales, Inc. v. Grow More, Inc.*, 423 F.3d 1296, 1305 (Fed. Cir. 2005). Here, Summit 6 makes no argument and offers no evidence to rebut the

presumption of total surrender. Thus, because "the patentee fails to rebut the *Festo* presumption, then prosecution history estoppel bars the patentee from relying on the doctrine of equivalents for the accused element." *Festo*, 344 F.3d at 1367. Summit 6 is estopped from claiming infringement of the "pre-processing . . . in preparation for publication" limitation under the doctrine of equivalents for independent claims 1, 13, and 38 of the '442 patent. Accordingly, Samsung is entitled to summary judgment that its accused products do not practice the "in preparation for publication" limitation under the doctrine of equivalents based on the prosecution history estoppel bar.

### C. Vitiation

In the alternative to prosecution history estoppel, Samsung argues that Summit's application of the doctrine of equivalents impermissibly vitiates the "publication" limitation. Def. Samsung's Br. Supp. Mot. Summ. J. Noninfringement 19, ECF No. 300-1. Because the Court has found the prosecution history estoppel applies, there is no need for the Court to reach this argument.

## V. CONCLUSION

For the foregoing reasons, it is **ORDERED** that Samsung's Motion for Summary Judgment of Noninfringement (ECF No. 300) is **GRANTED in part** and **DENIED in part**.

**SO ORDERED** on this **6th day** of **February**, **2013**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**