

ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

APR - 5 2013

CLERK, U.S. DISTRICT COURT
By_____
                    Deputy

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SUMMIT 6 LLC, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 3:11-cv-00367-O |
| | § | |
| v. | § | |
| | § | |
| RESEARCH IN MOTION CORP., | § | |
| RESEARCH IN MOTION LIMITED, | § | |
| SAMSUNG ELECTRONICS CO. LTD., | § | |
| SAMSUNG TELECOMMUNICATIONS | § | |
| AMERICA LLC, MULTIPLY, INC., | § | |
| FACEBOOK, INC., and | § | |
| PHOTOBUCKET CORP., | § | |
| | § | |
| Defendants. | § | |

**JURY CHARGE**

LADIES AND GENTLEMEN OF THE JURY:

You have heard the evidence presented by the parties and the arguments of their respective

attorneys. It is now my duty to give you the charge in this case. It will be an oral charge and is given

in an effort to assist you in your deliberation in deciding the issues you must decide to reach a fair

and impartial verdict in this case. Perhaps this function of the Court is the most important one that

the Court performs in the trial, so I ask you to pay close attention to my remarks.

As I instructed you at the beginning of trial, you are the exclusive judges of the facts, the

credibility of the evidence, and the weight to be given the testimony of the witnesses.

You are to perform your duty without bias or prejudice to any party. The law does not permit

jurors to be governed by sympathy or prejudice. Corporations and all other persons are equal before

the law and must be treated as equals in a court of justice. The Court and the parties expect that you will carefully and impartially consider all of the evidence, follow the law as I will give it to you, and reach a just verdict. You are instructed that all persons, including Summit 6, and the Samsung Defendants in this case, stand equal before the law, and are to be dealt with as equals in this Court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

2

I will now briefly review the contentions of the parties and give you some additional instructions and definitions that will guide you in deciding the issues or facts that you must resolve in this case.

## I.     SUMMIT 6'S CLAIMS AND SAMSUNG'S DEFENSES

The patent claims in issue are Claims 40, 44, 45, 46 and 49 of U.S. Patent 7,765,482, which has been referred to as "the '482 Patent." I will refer to the '482 Patent as the Patent-in-Suit.

The Plaintiff, Summit 6, LLC, contends that Defendant Samsung Electronics Co., Ltd. and Defendant Samsung Telecommunications America, LLC (jointly "the Samsung Defendants") have infringed Claims 40, 44, 45, 46 and 49 of the '482 Patent by making, using, or inducing their customers or end-users to use MMS technology to perform each of the steps or requirements of those claims. Summit 6 contends it is entitled to damages to compensate for the Samsung Defendants' alleged infringement in the form of a reasonable royalty.

The Samsung Defendants each deny Summit 6's claims. The Samsung Defendants contend they do not infringe, and do not induce their customers or end-users to infringe, the asserted claims of the '482 Patent. The Samsung Defendants contend the asserted claims of the '482 patent are invalid. As a result, the Samsung Defendants contend that Summit 6 is not entitled to any damages.

Your job is to decide whether each of the Samsung Defendants has infringed any of the asserted claims and whether each of the asserted claims is invalid. If you decide that any claim of the '482 patent has been infringed by the Samsung Defendants and is not invalid, you will then need to decide any money damages to be awarded to Summit 6 from the Samsung Defendants to compensate Summit 6 for the infringement.

## II.    BURDENS OF PROOF

Summit 6 bears the burden of proof by a preponderance of the evidence that the Samsung Defendants infringed the asserted claims of the `482 Patent.  In other words, Summit 6 must show that the Samsung Defendants' infringement is more likely true than not true.

Summit 6 also has the burden of proof by a preponderance of the evidence for the amount of damages caused by the Samsung Defendants' infringement.

The Samsung Defendants bear the burden of proof by clear and convincing evidence that the asserted claims of the `482 Patent are invalid.

To review, "preponderance of the evidence" means that you must be persuaded by the evidence that the claim is more likely true than not true.

Clear and convincing evidence is a higher standard than proof by a preponderance of the evidence.  Clear and convincing evidence means that the evidence leaves you with a firm belief or clear conviction that the facts are as the party contends.  Nevertheless, the clear and convincing evidence standard is not as high as the burden of proof applied in a criminal case, which is "beyond a reasonable" doubt.

In deciding whether any fact has been proven by a preponderance of the evidence or by clear and convincing evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

## CONSIDERATION OF THE EVIDENCE

You must consider only the evidence in this case.

Evidence consists of:

    1)    the sworn testimony of any witness;

    2)    the exhibits which are received into evidence; and

    3)    any facts to which the lawyers have agreed.

The following are not evidence:

    1)    the demonstrative exhibits which are not received into evidence;

    2)    arguments and statements by lawyers;

    3)    questions and objections by lawyers;

    4)    testimony that has been excluded or stricken, or that you are instructed to disregard; and

    5)    anything you may have seen or heard when the court was not in session.

However, you may draw such reasonable inferences from the testimony and admitted exhibits as you feel are justified in the light of common experience. You may make deductions and reach conclusions that reason and common sense lead you to make from the testimony and evidence.

Unless the Court instructs you otherwise, the testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence you may consider. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of

circumstances that tend to prove or disprove the existence or nonexistence of certain other facts. The law makes no distinction between direct and circumstantial evidence.

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case and any bias or prejudice;

(5)     whether other evidence contradicted the witness's testimony;

(6)     the reasonableness of the witness's testimony in light of all the evidence; and

(7)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

## DEPOSITION TESTIMONY

Certain testimony was presented to you through a deposition. A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers were read to you or a video of the deposition was shown to you. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility as if the witness had been present and had testified from the witness stand in court.

## EXPERT WITNESSES

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field-called an expert witness-is permitted to state his/her opinion on those technical matters.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinions, and all the other evidence of the case.

## DEMONSTRATIVE EXHIBITS

Certain exhibits shown to you were illustrations.   We call these types of exhibits "demonstrative exhibits."  Demonstrative exhibits are a party's descriptions, pictures, and models to describe something involved in this trial. Demonstrative exhibits are not evidence unless admitted by the Court.  If your recollection of the evidence differs from a demonstrative exhibit, rely on your recollection.

## CLAIM INTERPRETATION

Before you can decide many of the issues in this case, you will need to understand the role of patent "claims."  The patent claims are the numbered sentences at the end of each patent. The claims are important because the words of the claims, as interpreted by the Court, are what define the boundaries of the invention.  The figures and text in the rest of the patent provide a description and at least one example of the invention (sometimes referred to as a "preferred embodiment"), and they provide a context for the claims.  Claim terms are to be read and understood in the context of the particular claims in which they appear and in the context of the entire patent, including the specification.  But it is the claims themselves, as interpreted by the Court, that define how broad or narrow the patent's coverage is.  Therefore, what a patent covers depends, in turn, on what each of its claims cover.

## HOW A CLAIM DEFINES WHAT IT COVERS

I will now explain further how a claim defines what it covers.

A claim sets forth, in words, a set of requirements.  Each claim sets forth its requirements in a single sentence.  If a method satisfies each of these requirements, then it is covered by the claim.

There can be several claims in a patent. Each claim may be narrower or broader than another claim by setting forth more or fewer requirements. The coverage of a patent is assessed on a claim-by-claim basis. In patent law, the requirements of a claim are often referred to as "claim elements" or "claim limitations." When a method meets all of the requirements of a claim, the claim is said to "cover" that method, and the method is said to "fall within the scope" of that claim. In other words, a claim covers a method where each of the claim elements or limitations is present in that method.

Sometimes the words in a patent claim are difficult to understand, and therefore it is difficult to understand what requirements these words impose. It is my job to explain to you the meanings of the words in the claims and the requirements those words impose. You must apply the meaning I give the patent claims to both your decision on infringement and your decision on validity. I will now provide to you my definitions of certain claim terms and will instruct you on how those terms are to be understood when deciding the issues of infringement and validity in this case. You must accept my definitions of these words in the claims as being correct.

## CLAIM CONSTRUCTION

I have construed or interpreted certain of the terms of the asserted claims to have the following meanings, which you must accept and apply in deciding the issues presented to you in this case:

(1) "pre-processing" means "modifying the [media object data / digital content data], as opposed to data merely associated with the [media object / digital content], at the client or local device in preparation for transmission to a remote device";

(2) "pre-processing parameters" means "values directing the pre-processing";

(3) "placement of . . . digital content into a specified form" means "modifying the digital content data to meet certain specifications";

(4) "device separate from said client device" means "device other than said client device";

(5) "user information" means "information related to a person"

(6) "publication" means "making publicly available";

(7) "provided to said client device by a device separate from said client device" means "provided to said client device by a device other than said client device"; and

(8) in "pre-processing in accordance with one or more pre-processing parameters that have been stored in memory of said client device" and similar terms, "controlling" means "directing"; "in accordance with" means "to conform to."

All other words of the claims are given their ordinary and customary meaning, which is the meaning a term would have to a person of ordinary skill in the art in question at the time of invention.

You have been provided with a copy of the '482 Patent and a copy of the claim term definitions, and you may use them in your deliberations.

## "COMPRISING" CLAIMS

I will now explain how to consider a situation where an asserted claim uses the term "comprising." In this instance, Claim 40 of the `482 Patent uses the word "comprising." When a claim uses the word comprising, it means including or containing. A claim that uses the word comprising or comprises is not limited to methods having only the elements or steps that are recited in the claim but also covers methods that add additional elements or steps.

If you find that the Samsung Defendants' methods include all of the elements or steps of a claim, the fact that the Samsung Defendants' methods might include additional components or steps would not avoid infringement of the claim that uses "comprising" language.

I will now instruct you on what is meant by a person of ordinary skill in the art.

## LEVEL OF ORDINARY SKILL IN THE ART

A person of ordinary skill in the art is a person with a specific level of education, training, and experience in the field such that they understand what is being taught by a patent based on such background. It is up to you to decide the level of ordinary skill in the field of the invention. You should consider all of the evidence introduced at trial in making this decision, including the educational level and experience of people working in the field, the types of problems encountered in the field, the solutions found for those problems, and the sophistication of the technology in the field.

Summit 6 contends that, for this case, the hypothetical person of ordinary skill in the relevant field is a person who, as of July 1998 through July 1999, would have had:

(a)     a Bachelors of Science in computer science or similar discipline and at least 2 years of experience in software design and development related to digital file manipulation, distribution, and/or storage, or

(b)     at least 5 to 7 years of experience in software design and development related to digital file manipulation, distribution, and/or storage.

The Samsung Defendants contend that a person of ordinary skill in the relevant field for purposes of this case is a hypothetical person who, as of July 1999:

(a)     had earned an accredited Bachelor's degree or higher in electrical engineering, computer engineering, computer science, or an equivalent education or level of knowledge, and 3-5 years of software design and development experience, including experience related to Internet-based applications and/or digital media applications; or

(b)    at least 5-7 years of software design and development experience, including experience related to Internet-based applications and/or digital media applications.

Next, I will instruct you on how to determine whether the `482 Patent has been infringed by the Samsung Defendants.

## DETERMINING INFRINGEMENT

Once a patent has issued, infringement can occur if a person or entity, without the owner's permission, makes, uses, offers to sell, or sells the patented invention anywhere in the United States during a period of 20 years measured from the filing date of the earliest underlying patent application.  In this case, the 20-year exclusivity period of the '482 Patent ends July 21, 2019.

Summit 6 has alleged that the Samsung Defendants have directly and indirectly infringed the '482 Patent.  To prove infringement of any claim, Summit 6 has the burden to persuade you by a preponderance of the evidence that the Defendants have infringed that claim.

Keep in mind that only the claims of a patent can be infringed.  You must compare the asserted patent claims, as I have defined each of them, to an accused method to determine whether or not there is infringement.  When comparing the claims to a method, you must consider each claim and each method individually.  Therefore, there may be infringement as to one claim but no infringement as to another.  You must reach your decision regarding infringement based on my instructions about the meaning and scope of the claims as they have been defined, the legal requirements for infringement, and the evidence presented to you by the parties.  I will now describe for you the legal requirements for infringement.

## INFRINGEMENT GENERALLY

I will first instruct you on what infringement means in a general sense. Then I will identify several key elements that make up infringement. In order to infringe a patent claim, a method must meet all the requirements of a claim. A claim limitation is present if it exists in a Samsung Defendant's method as I have explained the language to you or, if I did not explain it, applying its ordinary and customary meaning, which is the meaning a term would have to a person of ordinary skill in the art in question at the time of invention.

In determining whether the claims of the patent are infringed, you should consider each of the asserted claims of the '482 patent separately. Summit 6 need only establish by a preponderance of the evidence that one claim is infringed. Because the claims are analyzed separately, there may be infringement as to one claim and not as to another.

## DIRECT INFRINGEMENT

A patent claim is directly infringed if a Defendant's methods satisfies each and every requirement of that patent claim. If a Defendant's methods does not satisfy one or more requirements of a claim, that Defendant does not infringe that claim.

The accused methods should be compared to the invention described in each patent claim it is alleged to infringe. The same element of the accused methods may satisfy more than one requirement of a claim.

I will now instruct you on the specific rules you must follow to determine whether Summit 6 has proven that Samsung Electronics Co., Ltd. or Samsung Telecommunications America, LLC has infringed one or more of the patent claims involved in this case.

**DIRECT INFRINGEMENT**

You must decide whether Samsung Electronics Co., Ltd. or Samsung Telecommunications America, LLC performed, in the United States, all of the steps of a method covered by claims 40, 44, 45, 46 and 49 of the `482 patent. You must compare each claim to each of the accused Samsung Defendants' methods to determine whether every step of the claim is performed by the accused method.

For purposes of direct infringement, Summit 6 need not prove that a Samsung Defendant had the intent to infringe the patent or that it knew its acts infringed the patent. Good faith is not a defense to a claim of direct infringement.

To prove direct infringement as to the Samsung Defendants, Summit 6 must prove by a preponderance of the evidence that the Samsung Defendants practiced a method in the United States that meets all of the requirements of a claim under the '482 patent. If the methods of the Samsung Defendants omit any step recited in Summit 6's asserted patent claim, the Samsung Defendants do not directly infringe that claim.

## INFRINGEMENT OF DEPENDENT CLAIMS

So far, my instructions on infringement have applied to what are known as independent claims. The Patent-in-Suit also contains dependent claims. Each dependent claim refers to an independent claim. A dependent claim includes each of the requirements of the independent claim to which it refers and one or more additional requirements.

In order to find infringement of a dependent claim of the patent, you must first determine whether the independent claim to which the dependent claim refers has been infringed. If you decide that the independent claim has not been infringed, then the dependent claim cannot have been infringed. If you decide that the independent claim has been infringed, you must then separately determine whether each additional requirement of the dependent claim has also been included in the accused method. If each additional requirement has been included, then the dependent claim has been infringed.

Summit 6 must prove by a preponderance of evidence that a patent claim has been infringed.

### INDIRECT INFRINGEMENT

Summit 6 alleges that the Samsung Defendants each indirectly infringed the patent. There are two types of indirect infringement: inducing infringement and contributory infringement. The act of encouraging or inducing others to infringe a patent is called "inducing infringement." The act of contributing to the infringement of others by, for example, supplying them with components for use in the patented invention, is called "contributory infringement." Summit 6 has alleged inducement and contributory infringement against the Samsung Defendants in this case.

## INDUCING PATENT INFRINGEMENT

A party induces patent infringement if it purposefully causes, urges, or encourages another to infringe the claims of a patent. Inducing infringement cannot occur unintentionally. This is different from direct infringement, which can occur unintentionally.

To prove that either of the Samsung Defendants induced patent infringement, Summit 6 must prove by a preponderance of the evidence that:

(1)     the Samsung Defendant actively encouraged or instructed another person or persons on how to perform a method in a way that infringes at least one patent claim;

(2)     the encouraged or instructed acts constitute direct infringement of that claim;

(3)     the Samsung Defendant knew of the patent, and knew that the encouraged or instructed acts would result in infringement of at least one patent claim;

(4)     the Samsung Defendant had the intent to encourage or instruct infringement by someone else; and

(5)     the encouraged acts were actually carried out by someone else.

Evidence of active steps taken to encourage direct infringement, such as advertising an infringing use or instructing how to engage in an infringing use may be considered in light of all the circumstances in determining whether a Samsung Defendant in this case had specific intent to cause others to infringe. In order to establish active inducement of infringement, it is not sufficient that the alleged direct infringer itself directly infringes the claim. Nor is it sufficient that the Defendant was aware of the act(s) by the alleged direct infringer that allegedly constitute the direct infringement. Rather, you must find that a Defendant specifically intended the alleged direct infringer to infringe the patent.

23

If you do not find by a preponderance of the evidence that the accused Defendant meets these specific intent requirements, then you must find that the accused infringer has not actively induced the alleged infringement.

## CONTRIBUTORY INFRINGEMENT

Contributory infringement occurs when a Defendant who has knowledge of the patent supplies a part, or a component, to another for use in a product, machine, or process that infringes a patent claim. Summit 6 must prove by a preponderance of the evidence that contributory infringement occurred.

Contributory infringement arises only if the one who received the component infringes a patent claim. The part or component must also have the following three characteristics.

(1)    the part or component must be a material, or significant, part of the invention;

(2)    the part or component must be especially made or adapted for use in a way that infringes at least one claim of the patent, and the Defendant who supplies it must know that the component was especially made for that use; and

(3)    the part or component must not have a significant non-infringing use.

A component that has a number of non-infringing uses is often referred to as a staple or commodity article. Supplying such a staple or commodity article is not contributory infringement even if the person receiving or buying the article uses it in an infringing way.

## INVALIDITY - GENERALLY

The Samsung Defendants contend that certain asserted claims of Summit 6's Patent-in-Suit are not valid.  Patent invalidity is a defense to patent infringement.  Specifically, the Samsung Defendants contend that Claims 40, 44, 45, 46 and 49 of the `482 Patent are invalid.  Even though the PTO examiner has allowed the claims of a patent, you have the ultimate responsibility for deciding whether the claims of the patent are invalid.

I will now instruct you on the invalidity issues you should consider.  As you consider these issues, remember that each Defendant bears the burden of proving by clear and convincing evidence that the claims are invalid.

Each claim of a patent issued by the United States Patent Office is entitled to a presumption of validity. In order to overcome the presumption of validity, the Samsung Defendants must show by clear and convincing evidence that the asserted claims of the patent are invalid.  In deciding whether the Samsung Defendants have met this burden, you may afford greater weight to "prior art" that was not considered by the Patent Office prior to issuing the patent.

## PRIOR ART

What came before the invention is referred to as "prior art." The Defendants are relying on various items of prior art. In order to do so, the Defendants must prove that the items fall within one or more categories of prior art recognized by the patent laws. These categories include:

(1)    anything that was publicly known or used in the United States by someone other than the inventor before the inventor made the invention (see Anticipation—Publicly Used or Known, or Previously Published)

(2)    anything that was patented or described in a printed publication anywhere in the world before the date of the invention of the Patent-in-Suit (see Anticipation—Publicly Used or Known, or Previously Published); and;

(3)    regardless of when the inventor made the invention, anything that was in public use or on sale in the United States more than one year before the effective filing date of the Patent-in-Suit (see Anticipation—Statutory Bars);

(4)    regardless of when the inventor made the invention, anything that was published or described in a printed publication anywhere in the world more than one year before the effective filing date of the Patent-in-Suit Anticipation—Statutory Bars); and

(5)    anything that was made or invented in the United States by someone else before the date of the Patent-in-Suit (see Anticipation—Made or Invented by Someone Else).

In this case, Samsung alleges the following is prior art: the Point 2 Photo Upload Facility ("PUF") and the Mattes Patent. You must decide by clear and convincing evidence whether either of these items, considered separately, serves to invalidate the asserted claims of the `482 Patent.

I'm now going to instruct you further on the invalidity defenses that you will have to evaluate in this case. You may consider the following invalidity defenses and no others.

## ANTICIPATION—GENERALLY

The Samsung Defendants claim that Claims 40, 44, 45, 46 and 49 of the `482 Patent are invalid because the invention is not new. A person cannot obtain a patent if someone else already has made an identical invention. Simply put, the invention must be new. An invention that is not new or novel is said to be "anticipated by the prior art." Under the U.S. patent laws, an invention that is "anticipated" is not entitled to patent protection. To prove anticipation, the Samsung Defendant must prove by the clear and convincing evidence that the claimed invention is not new.

Anticipation must be determined on a claim-by-claim basis. To anticipate a claim, each and every requirement of the claim must be present in a single item of prior art. You may not combine two or more items of prior art to prove anticipation. In determining whether every one of the requirements of the claimed invention is found in the prior art, you should take into account what a person of ordinary skill in the art would have understood from his or her examination of the particular publication. The prior art does not have to use the same words as the claim, but the requirements of the claim must have been disclosed, either stated expressly or implied, to a person having ordinary skill in the art in the technology of the invention, so that looking at that one reference, that person could make and use the claimed invention.

## ANTICIPATION–STATUTORY BARS

The Samsung Defendants may prove that claims 40, 44, 45, 46 and 49 of the '482 Patent are invalid by showing by clear and convincing evidence that each such claim failed to meet one of several statutory provisions in the patent laws. These provisions are called "statutory bars." For a patent claim to be invalid because of a statutory bar, all of its requirements must have been present in one prior art reference dated more than one year before the effective filing date of the patent application.

Here is a list of ways the Samsung Defendants can show that the patent application was not timely filed, that is, filed within one year of the occurrence of any of the following events:

(1)     if the claimed invention was already patented or described in a printed publication anywhere in the world before July 21, 1998; A reference is a "printed publication" if it is reasonably accessible to those interested in the field, even if it is difficult to find. An electronic publication, including an on-line or internet publication, is a "printed publication" if it is at least reasonably accessible to those interested in the field, even if it is difficult to find.

(2)     if the claimed invention was already being publicly or commercially used in the United States before July 21, 1998, and that use was not primarily an experimental use controlled by the inventor to test whether the invention worked for its intended purpose;

(3)     if a device or method using the claimed invention was sold or offered for sale in the United States, and that claimed invention was ready for patenting, before July 21, 1998. The claimed invention is not being sold or offered for sale if the patent holder

shows that the sale or offer for sale was primarily experimental. The claimed invention is ready for patenting if it was actually built, or if the inventor had prepared drawings or other descriptions of the claimed invention that were sufficiently detailed to enable a person of ordinary skill in the field of the invention to make and use the invention based on them.

For a claim to be invalid because of a statutory bar, all of the claimed requirements must have been either (1) disclosed in a single prior art reference or (2) implicitly disclosed in a single prior art reference as viewed by one of ordinary skill in the field of the invention. The disclosure in a reference does not have to be in the same words as the claim, but all of the requirements of the claim must be described in enough detail, or necessarily implied by or inherent in the reference, to enable someone of ordinary skill in the field of the invention looking at the reference to make and use at least one embodiment of the claimed invention.

A prior art reference also invalidates a patent claim when the claimed invention necessarily results from practice of the subject of the prior art reference, even if the result was unrecognized and unappreciated by one of ordinary skill in the field of the invention.

If you find a patent claim failed to meet a statutory bar, you must find the patent claim invalid.

## ANTICIPATION—MADE OR INVENTED BY SOMEONE ELSE

The Samsung Defendants contend that claims 40, 44, 45, 46 and 49 of the '482 Patent are invalid as anticipated because the invention was first made or invented by someone else. If someone other than the named inventors on the '482 Patent made or invented the invention described in one or more of the patent claims involved in this lawsuit, then each such claim was "anticipated" by the other invention, and each such claim is invalid. The Samsung Defendants must prove by clear and convincing evidence that each such claim was anticipated by the other invention.

Here is a list of the ways that the Samsung Defendants can show that a patent claim was not new because the invention described in such claim was first made or invented by someone else:

(1)     If the claimed invention was already made by someone else in the United States before the date of invention, if that other person had not abandoned the invention or kept it secret;

(2)     If Summit 6 and the Samsung Defendants dispute who is a first inventor, the person who first conceived of the claimed invention and first reduced it to practice is the first inventor; if one person conceived of the claimed invention first, but reduced it to practice second, that person is the first inventor only if that person (a) began to reduce the claimed invention to practice before the other party conceived of it and (b) continued to work with reasonable diligence to reduce it to practice from a time just before the other party's conception.

Since priority of invention is in dispute in this case, you must determine a date of conception and reduction to practice for the claimed invention and the prior invention and whether the named inventors on the Asserted Patents and the inventors of the alleged prior invention were reasonably diligent in reducing their inventions to practice. Conception is the formation in the mind of the inventor, of a definite and permanent idea of the complete and operative invention, as it is to be applied in practice. Reduction to practice occurs either as of the filing of the patent application or when the invention was actually made and was shown to work for its intended purpose. Reasonable

diligence means that the inventor worked continuously on reducing the invention to practice. Interruptions necessitated by the everyday problems and obligations of the inventor or others working with him or her do not prevent a finding of reasonable diligence.

In order to prove an earlier date for conception and reduction to practice of the claimed inventions, Summit 6 is required to present additional evidence beyond the testimony of a named inventor. Similarly, in order to prove prior invention, the Samsung Defendants are required to present additional evidence beyond the testimony of the prior inventor. However, you must evaluate all pertinent evidence, including that testimony, and make a sound determination that the evidence credibly establishes prior invention. Ultimately, the Samsung Defendants bear the burden of proving by clear and convincing evidence that the patent claims are invalid.

If the invention of a patent claim was first made or invented by someone else as explained above, you must find the patent claim invalid.

## ANTICIPATION - PUBLICLY USED OR KNOWN, OR PREVIOUSLY PUBLISHED

The Samsung Defendants contend that claims 40, 44, 45, 46 and 49 of the '482 Patent are invalid because the claimed invention is not new. For a claim to be invalid because it is not new, all of its requirements must have existed in a single device or method that predates the claimed invention, or must have been described in a single previous publication or patent that predates the claimed invention. In patent law, such previous device, method, publication or patent is called a "prior art reference." If a patent claim is not new we say it is "anticipated" by a prior art reference. The Samsung Defendants must prove by clear and convincing evidence that the claim was anticipated.

The disclosure in the prior art reference does not have to be in the same words as the claim, but all of the requirements of the claim must be there, either stated or necessarily implied, so that someone of ordinary skill in the field of the invention looking at that one reference would be able to make and use at least one embodiment of the claimed invention.

Anticipation also occurs when the claimed invention inherently (necessarily) results from practice of what is disclosed in the written reference, even if the inherent disclosure was unrecognized or unappreciated by one of ordinary skill in the field of the invention.

Here is a list of the ways that the Samsung Defendants can show that a patent claim was not new:

- if the claimed invention was already publicly known or publicly used by others in the United States before the date of the invention of the '482 Patent;

- if the claimed invention was already patented or described in a printed publication anywhere in the world before the date of the invention of the '482 Patent; To qualify as a prior art reference, a "printed publication" must be at least reasonably accessible to those interested in the field, even if it is difficult to find. An electronic publication, including an on-line or internet publication, is a "printed publication" if

it is at least reasonably accessible to those interested in the field even if it is difficult to find.

- if the claimed invention was already described in another published U.S. patent application or issued U.S. patent that was based on a patent application filed before the date of the invention of the '482 Patent.

If a patent claim is not new as explained above, you must find that claim invalid.

## CORROBORATION OF ORAL TESTIMONY

Corroboration of oral testimony is required in certain areas of patent law, including when an inventor seeks to prove a prior invention date and when a witness's oral testimony is submitted to invalidate a patent.

To establish that the date of invention of the '482 patent is earlier than its filing date, Summit 6 is required to present additional evidence beyond the testimony of a single inventor. However, in making these determinations, you must evaluate all pertinent evidence, including that testimony, and make a sound determination whether the evidence credibly establishes an earlier invention date. The additional evidence may take many forms and must be evaluated together and in context using a rule of reason analysis. Evidence of corroboration can include physical records that were made contemporaneously with, or at, or near the time of the alleged prior invention, circumstantial evidence about the inventive process, and oral testimony of someone other than the alleged inventor. Ultimately, Summit 6 bears the burden of proving by clear and convincing evidence that the date of invention of the '482 Patent is earlier than its filing date.

To invalidate the asserted claims of the '482 Patent, the Samsung Defendants are required to present additional evidence beyond the testimony of one witness. However, in making these determinations, you must evaluate all pertinent evidence, including that testimony, and make a sound determination whether the evidence credibly invalidates the patent claim. The additional evidence may take many forms and must be evaluated together and in context using a rule of reason analysis. Evidence of corroboration can include physical records that were made contemporaneously with, or at, or near the time of the alleged prior invention, circumstantial

36

evidence about the inventive process, and oral testimony of someone other than the alleged inventor.  If you determine the oral testimony is not corroborated by other evidence, you cannot use the oral testimony to invalidate a patent. Ultimately, the Samsung Defendants bear the burden of proving by clear and convincing evidence that the patent claims are invalid.

Documents and physical evidence tending to show the date of invention of the '482 patent is earlier than its filing date or that the asserted claims of the '482 patent are invalid do not require corroboration.

## DAMAGES

If you find that the Samsung Defendants have infringed any of the asserted claims of the '482 Patent and that the infringed claims of those patents are valid, then you should consider the amount of money Summit 6 should receive as damages. Summit 6 has the burden of proving the amount of damages caused by the infringement of a Defendant by a preponderance of the evidence.

Even though I am instructing you on how you should measure damages, this should not be taken to mean that I believe that a Defendant has infringed or that a patent claim is valid. These are issues for you to resolve under the instructions I have given you.  I am instructing you on damages only so that you will have guidance should you decide that Summit 6 is entitled to recover damages.

If you find that there has been infringement of one or more valid patent claims, then Summit 6 is entitled to an award of damages adequate to compensate it for the infringement, but in no event less than a reasonable royalty for the use that a Defendant made of the invention. Here, Summit 6 is asking for damages in the form of a reasonable royalty.

## REASONABLE ROYALTY

Generally, a reasonable royalty is defined in the patent law as the reasonable amount that someone wanting to use the patented invention should expect to pay to the patent owner and the owner should expect to receive. A royalty is a payment made to a patent holder in exchange for rights to make, use or sell the claimed invention. A reasonable royalty is the payment that would have resulted from a negotiation between a patent holder and the infringer taking place just before the time when the infringing sales first began. In considering the nature of this negotiation, the focus is on what the expectations of the patent holder and the infringer would have been had they entered into an agreement at that time and acted reasonably in their negotiations. In making your determination of the amount of a reasonable royalty, it is important that you focus on the time period when the infringer first allegedly infringed the patent and the facts that existed at the time.

Your determination does not depend on the actual willingness of the parties to this lawsuit to engage in such negotiations. Your focus should be on what the parties' expectations would have been had they entered negotiations for royalties at the time of the infringing activity. The patent holder's and the infringer's actual profits may or may not bear on the reasonableness of an award based on a reasonable royalty. You are to assume that both parties to that hypothetical negotiation understood the patent to be valid, and infringed and that the licensee would respect the patent. In addition, you must assume that the patent holder and a patent holder and the infringer were willing to enter into an agreement; your role is to determine what that agreement would have been. The test for damages is what royalty would have resulted from the hypothetical negotiation and not simply what either party would have preferred.

In determining a reasonable royalty, you should consider all of the facts known and available to the parties at the time the infringement began. Some of the kinds of factors that you may consider in making your determinations are:

1.     The royalties received by the patentee for the licensing of the patent in suit, proving or tending to prove an established royalty.

2.     The rates paid by the licensee for the use of other patents comparable to the patent in suit.

3.     The nature and scope of the license, as exclusive or non-exclusive; or as restricted or non-restricted in terms of territory or with respect to whom the manufactured product may be sold.

4.     The licensor's established policy and marketing program to maintain his patent monopoly by not licensing others to use the invention or by granting licenses under special conditions designed to preserve that monopoly.

5.     The commercial relationship between the licensor and licensee, such as, whether they are competitors in the same territory in the same line of business; or whether they are inventor and promoter.

6.     The effect of selling the patented product or method in promoting sales of other products of the licensee; the existing value of the invention to the licensor as a generator of sales of his non-patented items; and the extent of such derivative or convoyed sales.

7.     The duration of the patent and the term of the license.

8.     The established profitability of the product made under the patent or use of the patented method; their commercial success; and their current popularity.

9.      The utility and advantages of the patent property over the old modes or devices, if any, that had been used for working out similar results.

10.     The nature of the patented invention; the character of the commercial embodiment of it as owned and produced by the licensor; and the benefits to those who have used the invention.

11.     The extent to which the patent holder and the infringer have made use of the invention; and any evidence probative of the value of that use.

12.     The portion of the profit or of the selling price that may be customary in the particular business or in comparable businesses to allow for the use of the invention or analogous inventions.

13.     The portion of the realizable profit that should be credited to the invention as distinguished from non-patented elements, the manufacturing process, business risks, or significant features or improvements added by the patent holder and the infringer.

14.     The opinion testimony of qualified experts.

15.     The amount that a licensor (such as the patentee) and a licensee (such as the patent holder and the infringer would have agreed upon (at the time the infringement began) if both had been reasonably and voluntarily trying to reach an agreement; that is, the amount which a prudent licensee- who desired, as a business proposition, to obtain a license to manufacture and sell a particular article embodying the patented invention- would have been willing to pay as a royalty and yet be able to make a reasonable profit and which amount would have been acceptable by a prudent patentee who was willing to grant a license.

41

No one factor is dispositive and you should consider the evidence that has been presented to you in this case on each of the factors.  You may also consider any other factors which in your mind would have increased or decreased the royalty a patent holder and the infringer would have been willing to pay and the patent holder would have been willing to accept, acting as normally prudent business people. The final factor establishes the framework which you should use in determining a reasonable royalty, that is, the payment that would have resulted from a negotiation between the patent holder and the infringer taking place at a time prior to when infringement began.

You must not award Summit 6 more damages than are adequate to compensate for the infringement nor should you include any additional amount for the purpose of punishing a Defendant or setting an example. Evidence of things that happened after the infringement first began can be considered in evaluating the reasonable royalty only to the extent that the evidence aids in assessing what royalty would have resulted from a hypothetical negotiation.  Although evidence of the actual profits an alleged infringer made may be used to determine the anticipated profits at the time of the hypothetical negotiation, the royalty may not be limited or increased based on the actual profits the alleged infringer made.

You may not include damages that are speculative, damages that are only possible, or damages that are based on guesswork.  You also may not include damages for non-infringing components in an accused product.  This requires that any royalty calculation you determine be based on the smallest salable patent-practicing unit.

## FINAL INSTRUCTIONS

Nothing that I may have said or done during the course of this trial is intended to indicate any view of mine as to which party should, or should not, win this case. As I instructed you previously, the jury is the sole judge of the credibility of the testimony and the weight to be given the evidence.

These instructions are given to you as a whole, and you are not to single out one instruction alone as stating the law but must consider the instructions as a whole. You have heard all of the evidence in the case, and you have heard the arguments of counsel. The Court has given you the charge in this case. In a few moments, you will retire to the jury room, select one of your members to act as a foreperson, and begin performing the function for which you have been chosen and for which you have been empaneled, in accordance with the oath you took as jurors. You will remember that at the beginning of the trial, the Court admonished you not to discuss the case with each other until it was submitted to you.

Now is the time for you to begin your discussion, and you certainly may express an opinion from the evidence that you have heard and use any reasonable means to persuade other members of the jury to your convictions and to your honest opinion. You are to reach a verdict which speaks the truth, and which does justice to all parties without favor, bias, or prejudice in any particular way, either for or against any party to this lawsuit. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion if convinced it is erroneous. But, do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. Your verdict must be unanimous. As soon as you have reached a verdict, you will let this fact be known to the officer who will be waiting upon you and he will report to the court.

Your verdict will be in the form of Questions for you to answer. You will take these Questions to the jury room, and when you have reached a unanimous agreement as to your verdict, you will have your foreperson fill in, date, and sign the form and then advise the Court Security Officer that you have reached a verdict. During your deliberations, you may have any of the exhibits that have been offered into evidence, and the Court will send them to you upon written request. If you desire further instructions, your foreperson may make this known in writing, and the Court will try to comply with your wishes. All communications with the Court must be in writing, but at no time should you indicate to the Court or to anyone else how the jury is divided in answering any particular Question.

Any notes that you have taken during this trial are only aides to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror concerning the testimony.

You will now go to the jury room, select one of your members as foreperson, and begin your deliberations.

You may now retire to the jury room to conduct your deliberations.

SIGNED this 4th day of April, 2013.

_____
United States District Judge

**Section No. I – Questions Regarding Infringement**

**QUESTION NO. 1 – INFRINGEMENT OF THE '482 PATENT**

Do you find by a preponderance of the evidence that Samsung Electronics Co., Ltd. has infringed the following claims of the '482 Patent?  Answer "YES" (infringed) or "NO" (not infringed) as to each claim.

| Claim 40 | YES |
|---|---|
| Claim 44 | YES |
| Claim 45 | YES |
| Claim 46 | YES |
| Claim 49 | YES |

**QUESTION NO. 2 – INFRINGEMENT OF THE '482 PATENT**

Do you find by a preponderance of the evidence that Samsung Telecommunications America, LLC has infringed the following claims of the '482 Patent?  Answer "YES" (infringed) or "NO" (not infringed) as to each claim.

| Claim 40 | YES |
|---|---|
| Claim 44 | YES |
| Claim 45 | YES |
| Claim 46 | YES |
| Claim 49 | YES |

**Section No. II – Question Regarding Invalidity**

**QUESTION NO. 3 – INVALIDITY**

Do you find by clear and convincing evidence that any of the following claims of the '482 Patent are invalid?  Answer "YES" or "NO" as to each claim:

| Claim 40 | NO |
|---|---|
| Claim 44 | No |
| Claim 45 | No |
| Claim 46 | No |
| Claim 49 | No |

**Section No. IV – Questions Regarding Damages**

**QUESTION NO. 4 – DAMAGES**

*Please answer the following question only if you answered "YES" to any part of Question 1 or 2 and you answered "NO" for the same claim for Question 3.*

What sum of money, if any, do you find from a preponderance of the evidence is adequate to compensate Summit 6 for the Samsung Defendants' conduct that you found infringing?  Provide the amount, if any, in dollars and cents.

$ _15,000,000.00_  →$15 MILLION

_LUMP SUM_

You are finished.  The Jury Foreperson should sign on the space provided at the end of this charge and then alert the Court Security Officer that you have reached a verdict.

**Certification of Jury Verdict**

The foregoing is the unanimous verdict of the jury.

Dated: _4/5/13_

_____
Jury Foreperson

_ERIK STRAIN_
Printed Name of Foreperson