IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SUMMIT 6 LLC,** | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 3:11-cv-00367-O |
| v. | § § § | |
| **RESEARCH IN MOTION CORP.,** et. al. | § § § | JURY TRIAL DEMANDED |
| Defendants. | § § § § § § § | |

**SUMMIT 6'S BRIEF IN SUPPORT OF ITS MOTION
FOR A COMPULSORY ROYALTY**

**TABLE OF CONTENTS**

I.   INTRODUCTION ..................................................................................................................1

II.  ARGUMENT AND AUTHORITIES ..................................................................................1

    A.   A Future Royalty Is An Appropriate Remedy For Continued Infringement In Lieu of a Permanent Injunction ....................................1

    B.   The Jury's Award Of A Lump Sum Does Not Cover Future Acts Of Infringement ..............................................................................................2

    C.   The Court Sets The Amount Of The Royalty For Continued Infringement .............................................................................................................5

III. CONCLUSION ......................................................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Boston Scientific Corp. v. Johnson & Johnson*,
   550 F. Supp. 2d 1102, 1122-23 (N.D. Cal. 2008) ................................................................... 5

*Keg Techs., Inc. v. Laimer*,
   436 F. Supp. 2d 1364 (N.D. Ga. 2006) ................................................................................... 5

*Lighting Ballast Control, LLC v. Philips Electronics N. Am. Corp.*,
   814 F. Supp. 2d 665 (N.D. Tex. 2011) ................................................................................ 4, 5

*Paice LLC v. Toyota Motor Corp.*,
   504 F.3d 1293 (Fed. Cir. 2007) ............................................................................................ 1, 5

*Paice LLC v. Toyota Motor Corp.*,
   609 F. Supp. 2d 620 (E.D. Tex. 2009) ............................................................................ 1, 4, 5

*Shatterproof Glass Corp. v. Libbey-Owens Ford Co.*,
   758 F.2d 613 (Fed. Cir. 1985) ................................................................................................. 2

*Zafiro v. United States*,
   506 U.S. 534 (1993) ................................................................................................................ 3

**STATUTES**

35 U.S.C § 284 .......................................................................................................................... 1, 5

**I. INTRODUCTION**

In this case, Summit 6 sought compensatory damages from Samsung for patent infringement. On April 5, 2013, the jury found that Samsung infringed Summit 6's '482 patent and that none of the asserted claims of the patent are invalid. The jury awarded $15,000,000 in lump sum damages to Summit 6 to compensate it for Samsung's infringement up to the time of trial. *See* Dkt. No. 562. In this Motion, Summit 6 requests that the Court award an ongoing compulsory royalty for Samsung's continued infringement of the '482 patent for each accused device sold post-verdict.

**II. ARGUMENT AND AUTHORITIES**

**A. A Future Royalty Is An Appropriate Remedy For Continued Infringement In Lieu of a Permanent Injunction**

Despite the verdict, Samsung continues to infringe the '482 Patent by selling accused devices that pre-process photos before they are sent via MMS. Summit 6 is entitled to be compensated for this post-verdict infringement. The Patent Act provides that, "[u]pon finding for the claimant, *the court shall award* the claimant damages adequate to compensate for the infringement but in no event less than a reasonable royalty for the use made of the invention by the infringer . . . ." 35 U.S.C § 284 (emphasis added).

Courts typically award compulsory future royalties to compensate for infringement in cases where an injunction is not entered. *See Paice LLC v. Toyota Motor Corp.*, 504 F.3d 1293, 1314-15 (Fed. Cir. 2007) (affirming the appropriateness of compulsory future royalties when an injunction is not issued); *see also Paice LLC v. Toyota Motor Corp.*, 609 F. Supp. 2d 620, 624, 630 (E.D. Tex. 2009) ("[T]he law must ensure that an adjudged infringer who voluntarily

chooses to continue his infringing behavior must adequately compensate the patent holder for using the patent holder's property. Anything less would be manifestly unjust . . . ."); *Shatterproof Glass Corp. v. Libbey-Owens Ford Co.*, 758 F.2d 613, 628 (Fed. Cir. 1985).

### B. The Jury's Award Of A Lump Sum Does Not Cover Future Acts Of Infringement

While conferring over this motion, counsel for Samsung indicated that it intended to argue that the fact that the jury wrote the words "lump sum" on the verdict form precludes any future compensation for Samsung's continued infringement. This is an incorrect interpretation of the jury verdict for several reasons. First, the term "lump sum" means simply a single amount, as opposed to a number of smaller payments or installments. Summit 6's methodology was to present its damages as 28 cents per accused device, and then multiply the per-accused device royalty by the number of infringing accused devices sold by Samsung from July 2010 until time of trial (102.5 million units) to derive the lump sum of $29 million in damage through trial. Samsung, on the other hand, chose to ignore the number of devices sold and simply advocated a dollar amount, which allowed Samsung to avoid telling the jury that its proposed damages amount worked out to about a penny per phone. But although Samsung advocated a lump sum, it never clearly told the jury that the term of the lump sum agreement it advocated would be through the life of the patents, as opposed to being through the date of trial. In the context of the trial, the term "lump sum" never was defined as a single payment for past plus all future infringement that might occur over the remaining life of the patent, as opposed to single payment for past infringement through the date of trial. In fact, at one point Samsung's damages expert used the term "lump sum" to refer to recurring monthly fixed sum payments for MMS plans, which is directly opposite with an interpretation that lump sum is a one-time payment for

---

**SUMMIT 6'S BRIEF IN SUPPORT OF ITS MOTION FOR A COMPULSORY ROYALTY**                                       2

McKool 879329v1

perpetual rights.[1]  Trial Tr. vol. 2, 112 April 3, 2013, App. at 17.  As a result, the Court cannot infer from the jury verdict whether a life-of-patent or through-verdict lump sum license was intended.

Second, the Court must presume that the jury correctly followed the Court's instructions and the verdict form.  *See Zafiro v. United States*, 506 U.S. 534, 540-41 (1993).  The verdict form and the Court's instruction were phrased in the past tense and made clear that the jury's award was to compensate Summit 6 for Samsung's infringement up to the time of trial.  The verdict form itself asks: "What sum of money, if any, do you find from a preponderance of the evidence is adequate to compensate Summit 6 for the Samsung Defendants' *conduct that you found infringing*?"  Dkt. No. 562 at 47 (emphasis added).  The sales evidence presented at trial was only in regard to Samsung's pre-trial infringement.  Neither party presented any projections as to the amount of future Samsung sales post trial.

The proposition that the jury's damages award only addresses past harm is further supported by the Court's Jury Charge, which instructed the jury that "Summit 6 is entitled to an award of damages adequate to compensate it for the infringement, but in no event less than a reasonable royalty for the use that a Defendant made of the invention."  *Id.* at 38.  At the time of trial, the "use" Samsung made of the invention could only be through the date of trial and could not include ongoing acts of infringement that had not yet occurred.  The Court also instructed the jury that it "must not award Summit 6 more damages than are adequate to compensate for *the* infringement" and "may not include damages that are speculative."  *Id.* at 42 (emphasis added).

---

[1] Samsung's expert testified that "the carriers are the ones that get the benefit because they charge each of us, you know, a fee for any presenting messages either *on a lump sum basis I pay15 dollars a month* or I pay as I go."  Trial Tr. vol. 2, 112 April 3, 2013, App. at 17 (emphasis added).

---

Samsung did not object to these instructions, and never proposed an instruction of its own explaining to the jury that it could speculate about future infringement and award damages covering infringement through the life of the patent.

In another case, in which the Federal Circuit affirmed a continued royalty in lieu of a permanent injunction, the language on the verdict form was nearly identical to the language in this case. In *Paice LLC v. Toyota Motor Corp.*, the Federal Circuit found that the lump sum damages award, premised on language in that Court's verdict form that is similar to the language in the verdict form in this case, addressed only past infringement. *Compare Paice LLC* Verdict Form, App. at 11 with *Paice LLC*, 609 F. Supp. 2d at 625 ("[T]he jury only awarded lump-sum damages for Toyota's past infringement; the jury did not consider the issue of prospective relief.").

Third, the *Lighting Ballast* case is not inapposite to the analysis above. In *Lighting Ballast* this Court held that a jury award of $3 million dollars was intended to be for the life of the patent. *Lighting Ballast Control, LLC v. Philips Electronics N. Am. Corp.*, 814 F. Supp. 2d 665, 693 (N.D. Tex. 2011). In reaching its conclusion, the Court observed that the plaintiff opposed a jury question that was proffered by the defendant which would have clarified whether the award was to be for the life of the patent, but the plaintiff tried to take advantage of the ambiguity after trial.[2] In this case, Samsung did not propose a question as to whether the award was to run for the life of the patent. *See Id.* at 692. In *Lighting Ballast* this Court further found

---

[2] Mr. Martinez, Samsung's damages expert, contrasted lump sum payments to running royalties to argue that Summit 6's lump sum license agreements were more comparable than its running royalty license agreements, but never defined the term "lump sum" as covering infringement for the life of the patent, as opposed to through the date of trial. Trial Tr. vol. 2, 64-65, 77, 112 April 3, 2013, App. at 15-17.

---

that the plaintiff presented evidence "that the result of a hypothetical negotiation would be a $1.5 million lump-sum royalty payment licensing the patent to ULT through its expiration." *Id.* at 693. In this case, Samsung never presented evidence that the lump sum award would be through expiration of the patents, as opposed to being through trial.

### C. The Court Sets The Amount Of The Royalty For Continued Infringement

The jury determined damages for past infringement, but it is the province of the Court to determine a reasonable forward royalty rate to compensate Summit 6 for continued infringement by Samsung.[3] The future rate assessed by the Court is not required to be the same as the royalty rate imputed to the jury's damages verdict. This is because the jury verdict is based on the hypothetical negotiation at the time infringement began (July 2010), while the Court's forward royalty will be based on a hypothetical negotiation occurring today. *See Paice LLC*, 609 F. Supp. 2d at 624. As stressed in *Paice*:

> [P]re-suit and post judgment licensing negotiations are necessarily different due at least to the change in legal status of the parties. Once judgment is entered, <u>ongoing infringement by the adjudged infringer is willful</u>; that factor, along with the potential for enhancement, the potential impact of *res judicata*, and many additional factual factors significantly change the ongoing royalty negotiation calculus.

*Id.* at 626-27 (emphasis added). The Court may award damages up to three times the reasonable royalty rate to compensate for willful infringement, 35 U.S.C. § 284, and can take that into account in calculating the forward royalty. *Paice LLC*, 609 F. Supp. 2d at 626.

---

[3] *Paice LLC v. Toyota Motor Corp.*, 504 F.3d 1293, 1313 n. 13, 1315-16 (Fed. Cir. 2007); *accord Boston Scientific Corp. v. Johnson & Johnson*, 550 F. Supp. 2d 1102, 1122-23 (N.D. Cal. 2008) (order denying counterclaim-plaintiffs motion for equitable relief); *Cf. Keg Techs., Inc. v. Laimer*, 436 F. Supp. 2d 1364, 1371 (N.D. Ga. 2006) (labeling a "compulsory license" in lieu of a final injunction an equitable remedy).

Because this is an equitable remedy, the Court has broad discretion in how and whether to conduct a trial on this issue. Much of the evidence as to the value of the invention to Samsung and the reasonable royalty rate has already been presented to the jury in connection with the trial. The only difference is that the Court must now determine (1) whether there has been a change in the market landscape since July 2010 that would change the royalty rate, and (2) what effect the jury finding of infringement and validity has on the royalty rate. Summit 6 respectfully suggests that the parties submit short supplemental expert reports confined to these two issues. Upon receipt of these supplemental reports, the Court can determine whether it wishes to receive any testimony on this issue or if it is able to make the equitable royalty determinations from the trial record coupled with the supplemental reports, without the need for additional live testimony.

### III. CONCLUSION

For the reasons stated above, Summit 6 asks the Court to award an ongoing royalty to compensate it for infringement by Samsung post-verdict.

DATED:  April 12, 2013                    Respectfully submitted,

**McKOOL SMITH, P.C.**

s/ *Theodore Stevenson III*
Theodore Stevenson III, ***Lead Attorney***
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
Phillip Aurentz
Texas State Bar No. 24059404
paurentz@mckoolsmith.com
Ashley N. Moore
Texas State Bar No. 24074748
amoore@mckoolsmith.com
Mitchell R. Sibley
Texas State Bar No. 24073097
msibley@mckoolsmith.com
Richard A. Kamprath
Texas State Bar No. 24078767
rkamprath@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

John B. Campbell
Texas State Bar No. 24036314
jcampbell@mckoolsmith.com
Kathy H. Li
Texas State Bar No. 24070142
kli@mckoolsmith.com
James Quigley
Texas State Bar No. 24075810
jquigley@mckoolsmith.com
300 W. 6th Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

                **CALDWELL CASSADY CURRY P.C.**

          Bradley W. Caldwell
          Texas State Bar No. 24040630
          bcaldwell@caldwellcc.com
          Caldwell Cassady Curry P.C.
          1717 McKinney Ave, Ste 700
          Dallas, TX 75202
          Telephone: (214) 810-4705
          Telecopier: (214) 481-1757

          **ATTORNEYS FOR PLAINTIFF**
          **SUMMIT 6 LLC**

## CERTIFICATE OF CONFERENCE

On April 10, 2013 and April 11, 2013, Mr. Stevenson conferred with Mr. Nelson, attorney for Samsung, regarding the relief sought in this Motion. Samsung indicated that it is opposed to the relief requested in this Motion.

          */s/ Theodore Stevenson III*
          Theodore Stevenson III

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on counsel for Defendants through this Court's ECF system by electronic mail on this 12th day of April, 2013.

          */s/ Mitchell R. Sibley*
          Mitchell R. Sibley