IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUMMIT 6 LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:11-cv-367-O |
| RESEARCH IN MOTION CORPORATION et al., | § § § § | |
| Defendants. | § § § | |

# ORDER

The jury returned a verdict in favor of Summit 6 LLC ("Summit 6") in this patent infringement suit. Am. Final J., Aug. 7, 2013, ECF No. 699. Thereafter, Summit 6 filed its amended bill of costs to which Defendants Samsung Electronics Co., Ltd. and Samsung Telecommunications America, LLC (" Samsung Defendants" or "Defendants") now object. Before the Court are Plaintiff's Amended Bill of Costs (ECF No. 670), filed July 23, 2013; Defendants' Motion to Review and Objections to Plaintiff's Amended Bill of Costs ("Motion to Review") (ECF No. 693), filed August 6, 2013; Defendants' Brief in Support of their Motion to Review (ECF No. 694), filed August 6, 2013; Defendants' Appendix to Brief in Support of their Motion to Review (ECF No. 695), filed August 6, 2013; Plaintiff's Response to Defendants' Motion to Review (ECF No. 700), filed August 16, 2013; Plaintiff's Brief in Support of Response to Defendants' Motion to Review (ECF No. 701), filed August 16, 2013; Appendix in Support of Plaintiff's Response to Defendants' Motion to Review (ECF No. 702), filed August 6, 2013; Defendants' Reply in Support of Motion to Review (ECF No. 703), filed August 30, 2013; Defendants' Reply Brief in Support of Motion to Review (ECF No. 704), filed August 30, 2013; and Appendix to Defendants' Reply Brief in Support of Motion to Review (ECF No. 705),

filed August 30, 2013. Having considered the motion, the related briefing, and the applicable law, the Court **SUSTAINS in part** and **OVERRULES in part** the Samsung Defendants' objections to Summit 6's amended bill of costs.

## I. BACKGROUND

Summit 6 is the owner by assignment of U.S. Patent No. 7,765,482 (the "'482 patent"), entitled "Web-based Media Submission Tool," which relates to "the handling, manipulation and processing of digital content." U.S. Patent No. 7,765,482 col. 1 l. 11–12 (filed October 8, 2004). On February 23, 2011, Summit 6 brought a patent infringement suit in this Court against various defendants, including the Samsung Defendants. *See generally* Compl., ECF No. 1. In its complaint, Summit 6 alleges that "services, smartphones, and/or tablets sold by Samsung" infringe one or more claims of the '482 patent. *See id.* ¶¶ 9, 12. Ultimately, Summit 6's patent infringement claim against the Samsung Defendants proceeded to trial. On April 5, 2013, the jury found that the Samsung Defendants infringed Summit 6's '482 patent and awarded Summit 6 $15 million in damages. Jury Charge 46-47, ECF No. 562.

## II. LEGAL STANDARD

A prevailing party should be awarded costs unless a federal state, the Federal Rules of Civil Procedure, or a court order provide otherwise. Fed. R. Civ. P. 54(d)(1). A court's discretion under Rule 54(d) is limited by Section 1920, which enumerates the costs a federal court may tax. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). Specifically, Section 1920 authorizes the following costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. "Rule 54(d)(1) contains a strong presumption that the prevailing party will be awarded costs." *Pacheco v. Mineta,* 448 F.3d 783, 793 (5th Cir. 2006) (citing *Schwarz v. Folloder,* 767 F.2d 125, 131 (5th Cir.1985)). "Indeed, [the Fifth Circuit] has held that 'the prevailing party is prima facie entitled to costs,' and has described the denial of costs as 'in the nature of a penalty.'" *Id.* at 793–94 (quoting *Schwarz,* 767 F.2d at 131).

If the party being taxed has not specifically objected to a cost, the presumption is that the costs being sought were necessarily incurred for use in the case and will be taxed. *See Embotelladora Agral Regiomontana, S.A. de C.V. v. Sharp Capital, Inc.,* 952 F.Supp. 415, 417 (N.D. Tex. 1997). Once an objection has been raised, the party seeking costs bears the burden of verifying that the costs were necessarily incurred in the case rather than just spent in preparation and litigation of the case. *See Fogleman v. ARAMCO (Arabian American Oil Co.),* 920 F.2d 278, 286 (5th Cir. 1991).

### III. ANALYSIS

In its Amended Bill of Costs, Summit 6 sought $180,369.09 in total. Am. Bill Costs, ECF No. 670. The Samsung Defendants filed their objections, and Summit 6 reduced the amount sought to $168,555.99. Br. Supp. Resp. Mot. Review 21-22, ECF No. 701. The Samsung Defendants contend that costs should be taxed at $61,791.14. Defs.' Reply Br. 10, ECF No. 794. The following costs are agreed upon: (1) fees of the clerk, $364.38; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case, $ 31, 808.49; (3) fees

for Dr. Jones's and Mr. Benoit's travel expenses, $7,509.85; and (4) Ms. Wood's expenses, $1,269.30. Accordingly, the Court finds that Summit 6 is entitled to these costs. The Samsung Defendants have objected to the remainder of Summit 6's asserted costs, and the Court will address each objection in turn.

### A. Travel Expenses of Ms. Pate and Mr. Lewis

The Samsung Defendants contend that the expenses of Ms. Pate and Mr. Lewis are not taxable because Ms. Pate and Mr. Lewis are the sole employees of Summit 6, are controlling officers of Summit 6, and possess a significant financial stake in the litigation. Defs.' Reply Br. 1, ECF No. 794. Summit 6 counters that Ms. Pate and Mr. Lewis are not parties to the suit and that Ms. Pate's costs are recoverable because she acted as a corporate representative. Br. Supp. Resp. Mot. Review 10, ECF No. 701.

"[E]xpenses of witnesses who are themselves parties normally are not taxable." *Hodge v. Seiler*, 558 F.2d 284, 287 (5th Cir. 1997). "However, where a corporate representative is not a controlling officer of the company, many courts have determined the representative is entitled to the statutory attendance fee and subsistence allowance provided for witnesses under 28 U.S.C. § 1821, although only for the day or days he appeared as a witness." *Honestech, Inc. v. Sonic Solutions*, 725 F. Supp. 2d 573, 584 (W.D. Tex. 2010); *see also* 28 U.S.C. § 1821 (capping witness fees and expenses). Stated differently, "costs may be assessed for corporate officers and directors not personally involved in the litigation who testify on behalf of the corporation." *WH Smith Hotel Servs., Inc. v. Wendy's Int'l, Inc.*, 25 F.3d 422, 429 (7th Cir. 1994) (citing *Green Constr. Co. v. Kan. Power & Light Co.*, 153 F.R.D. 670, 679 (D. Kan. 1994)). Moreover, "[w]itnesses who are corporate officers or employees are not necessarily real parties in interest and their costs may be awarded if 'their interest in the litigation is no more than a natural

4

concern for the welfare of the corporation as opposed to actual participation in the litigation to the extent that they become identifiable as a party in interest.'" *Schmitz-Werke GmbH + Co. v. Rockland Indus., Inc.*, 271 F. Supp. 2d 734, 736 (D. Md. 2003) (citing *Elec. Specialty Co. v. Int'l Controls*, 47 F.R.D. 158, 162 (S.D.N.Y. 1969)).

Here, Summit 6 admits that Ms. Pate and Mr. Lewis are officers and employees of Summit 6 and have a financial stake in the litigation. Br. Supp. Resp. Mot. Review 10, ECF No. 701. Summit 6 has not shown that Ms. Pate and Mr. Lewis's interest in the litigation is "no more than a natural concern for the company." *Schmitz-Werke GmbH %8f*, 271 F. Supp. 2d at 736. Accordingly, the Court sustains the Samsung Defendants' objection to the expenses of Ms. Pate and Mr. Lewis.

### B. Pre-Trial and Trial-Related Copying Costs

Summit 6 seeks $5,689.64 for pre-trial related copying expenses and $57,677.90 for trial-related copying costs. App. Supp. Resp Mot. Review Ex. 1 (Copying Costs), App. 2-5, ECF No. 702. The Samsung Defendants object to these amounts on the ground that Summit 6 fails to meet its burden of demonstrating that the copies were necessarily incurred for use in the case. Defs.' Br. Supp. Mot. Review 10-11, ECF No. 694. Summit 6 counters that it submitted invoices, applied its own discounts, and included the affidavit of paralegal Amy Hendershot to demonstrate that these costs were necessarily incurred. Br. Supp. Resp. Mot. Review 14-15, ECF No. 701.

Courts "do not expect a prevailing party to identify every xerox copy made for use in the course of legal proceedings . . . [but] do require some demonstration that reproduction costs necessarily result from that litigation." *Fogleman v. ARAMCO (Arabian Am. Oil Co.)*, 920 F.2d 278, 286 (5th Cir. 1991); *see also Summit Tech. Inc. v. Nidek Co.*, 435 F.3d 1371, 1378 (Fed.

5

Cir. 2006) ("[I]n complex patent litigation, involving hundreds of thousands of documents and copies, parties cannot be expected to track the identity of each photocopied page along with a record of its relevance to the litigation."). Courts disagree over the weight to be accorded an affidavit attesting that costs were necessarily incurred. *See DP Solutions, Inc. v. Rollins, Inc.*, 353 F.3d 421, 434 (5th Cir. 2003) (not reaching whether "blanket statement approach" is adequate to support costs because "district court did not clearly abuse its discretion").

Here, Summit 6 provides a breakdown of the types and amounts of copies made (e.g., "B&W copies (88); color copies or prints 8.5x11 (26)") but does not provide any description of the contents of the copies, whether general or specific. *Compare* App. Supp. Resp Mot. Review Ex. 2 (Hendershot Aff.), App. 12, ECF No. 702 ("I have reviewed all of the invoices included in Exhibit 5 to Summit 6's Bill of Costs and can confirm that the C/M#/Client Matter# listed on each invoice, 01345.79001, indicates that the billed services were performed in connection with the *Summit 6. LLC v. Research in Motion Corp., et al. litigation*."), *with Allen v. Price*, 2010 WL 609371, at *2 (N.D. Tex. Feb. 19, 2010) ("Although more detail would have been preferable, counsel's affidavit in this case goes beyond a blanket statement and identifies generally the purpose of the copies, such as disclosures, discovery, file copies and a summary judgment motion."). Moreover, the discount Summit 6 applied to pre-trial related costs accounted for the presence of defendants other than the Samsung Defendants, rather than the vagueness of Summit 6's costs. Br. Supp. Resp. Mot. Review 15 n.2, ECF No. 701. Accordingly, the Court sustains the Samsung Defendants objection to the copying costs and will reduce the amounts by 50%.

  C. **Electronic Discovery Copying Costs**

Summit 6 seeks $6,265.48 for electronic discovery copying costs. App. Supp. Resp Mot. Review Ex. 1 (Copying Costs), App. 6-8, ECF No. 702. The Samsung Defendants assert that

Summit 6 is limited to scanning and file conversion costs and that the expenses were not properly allocated among the multiple defendants. Defs.' Br. Supp. Mot. Review 12-13, ECF No. 694. The scanning of documents and the conversion of files is generally recognized as the equivalent of "making copies" under Section 1920. *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 167 (3d Cir. 2012). The Court finds that Summit 6 limited its costs to data conversion and scanning and also discounted the total amount to account for the multiple defendants. Accordingly, the Samsung Defendants objections as to the electronic discovery copying costs are overruled.

        **D.**       **Trial Demonstratives**

Summit 6 seeks $6,839.78 for trial demonstratives. App. Supp. Resp Mot. Review Ex. 1 (Copying Costs), App. 9, ECF No. 702. The Samsung Defendants object on the ground that these expenses are not taxable in the United States Court of Appeals for the Fifth Circuit. Defs.' Br. Supp. Mot. Review 13, ECF No. 694. The Court agrees and sustains the Samsung Defendants' objection. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 335 (5th Cir. 1995) (concluding district court did not err in denying recovery of costs of trial exhibits); *Baisden v. I'm Ready Prods., Inc.*, 793 F. Supp. 2d 970, 986 (S.D. Tex. 2011) ("Because defendants did not obtain pretrial approval for their demonstratives, and because defendants have not cited any authority for the court's ability to award such costs to prevailing parties, the court concludes that defendants are not entitled to tax the production costs of their demonstrative exhibit to [plaintiff].").

### E. Fees for Exemplification and Other Costs of Making Copies and Graphic Personnel and Professional Services

Summit 6 seeks $1,479.57 under "fees for exemplifications and other costs" for items such as supplies, a Dry Erase board, and special-order demonstrative magnets. Am. Bill Costs Ex. 1 (Itemized Costs) 16, ECF No. 670-1. For the reasons discussed in Part D, the Court sustains the Samsung Defendants' objection to these costs. Summit 6 also seeks $43,730.00 for graphic personnel and professional services. *Id.* at 16-17. To the extent the costs sought in this category relate to the creation of demonstratives, the Court sustains the Samsung Defendants' objection for the reasons discussed above. Additionally, to the extent Summit 6 seeks costs for audiovisual setup, preparation, and "tear down" expenses, the Court finds that these costs are not properly taxable. *Compare J.T. Gibbons, Inc. v. Crawford Fitting Co.*, 760 F.2d 613, 615 (5th Cir. 1985) (concluding district court did not abuse its discretion in awarding costs for audiovisual equipment and assistance when requested by the district court), *with* App. Supp. Resp. Mot. Review Ex. 7 (Tr.), App. 192-95, ECF No. 702 (discussing parties' request to use audio-visual equipment). Accordingly, the Samsung Defendants objections to these costs are sustained.

### IV. CONCLUSION

Based on the foregoing, the Court finds that Summit 6 is entitled to an award of costs in the following amounts:

| Description | Properly Taxable Costs |
|---|---|
| Fees of the Clerk | $364.38 |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case | $31,808.49 |
| Fees for witnesses | $8,779.15 |

| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case | $37, 949.25 (as itemized below) |
|---|---|
| Pre-trial copying costs | $2,844.82 |
| Trial copying costs | $28,838.95 |
| Electronic discovery copying | $6,265.48 |
| Trial demonstratives | $0 |
| Exemplifications | $0 |
| Graphics personnel and professional services | $0 |
| **Total** | **$78,901.27** |

**SO ORDERED** on this **26th day** of **November**, **2013**.

_Reed O'Connor_
**UNITED STATES DISTRICT JUDGE**